```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

GULINO, ET AL.,

            Plaintiffs,                    96 CV 08414 (KMW)
                                                ORDER
     -against-

BOARD OF EDUCATION, ET AL.,

            Defendants.

---------------------------------------X
```

WOOD, U.S.D.J.:

The Court intends to dismiss, on its own motion, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Defendant New York City Board of Education's ("BOE") cross-claim for indemnification and contribution against former Defendant New York State Education Department ("SED").

In this order, the Court sets forth the reasons why it intends to dismiss BOE's cross-claim. The Court also sets a deadline by which BOE shall respond to this order.

I. Background

Because this case has been dormant for some time, the Court takes this opportunity to briefly summarize the case's long procedural history. The Court focuses on the events most relevant to BOE's cross-claim.

Plaintiffs represent a class of African-American and Latino teachers in New York City public schools, who alleged, inter alia, that Defendant BOE and former Defendant SED discriminated

1

against them, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. Specifically, Plaintiffs alleged that BOE and SED used two teacher certification tests, the National Teachers Examination Core Battery ("NTE"), and the Liberal Arts and Sciences Test of the New York State Teacher Certification Examinations ("LAST"), that had a disparate impact on African-American and Latino test-takers.

Both BOE and SED denied Plaintiffs' allegations. BOE also cross-claimed for indemnification and contribution against SED. BOE argued that because SED had required BOE to administer the NTE and the LAST, BOE, if ultimately adjudged liable, should be indemnified by SED.

In 2003, after a lengthy bench trial, Judge Constance Baker Motley found that both the NTE and the LAST were job-related, a defense to Plaintiffs' disparate impact claims. Judge Motley accordingly entered judgment for the Defendants. Judge Motley did not consider the merits of BOE's cross-claim against SED.

Both Plaintiffs and Defendants appealed to the Second Circuit. On appeal, the Second Circuit concluded that Judge Motley had erred below in several ways, including: (1) Judge Motley incorrectly found that SED was an employer for the purposes of Title VII; and (2) Judge Motley applied the incorrect standard for job-relatedness to the LAST. The Second Circuit did

not consider BOE's cross-claim against SED.

The Second Circuit then remanded the case to the district court for adjudication, based on the standard of job-relatedness articulated by the Second Circuit, of whether BOE's usage of the LAST discriminated against Plaintiffs.

As the case currently stands, all of Plaintiffs' claims against SED have been dismissed. BOE's cross-claim against SED, however, remains. Because BOE's cross-claim fails to state a claim for which relief can be granted, the Court intends to dismiss it, pursuant to Rule 12(b)(6).

II. Analysis

    A. Legal Standard

        1. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a party fails to state a claim for which relief can be granted, if the claim, as pleaded, fails to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A court may dismiss a claim, pursuant to Rule 12(b)(6), on its own motion. See, e.g., DiProjetto v. Morris Protective Serv., No. 07-3008-cv, 2009 WL 102751, *1 (2d Cir. Jan 15, 2009) (affirming district court's sua sponte dismissal of plaintiffs' Title VII claims). Before doing so, however, a court should provide affected parties an opportunity to respond. See Mojias v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003).

2. Title VII Claims for Indemnification

In Northwest Airlines, Inc. v. Transport Workers Union, 451 U.S. 77, 95 (1991), the Supreme Court held that there is no right to indemnification or contribution under Title VII.

B. Application

BOE's cross-claim against SED fails as a matter of law. There is no right to indemnification or contribution under Title VII. Therefore, no matter what facts are ultimately established, BOE's cross-claim will fail to raise a right to relief above a speculative level.

III. Conclusion

For the reasons stated above, the Court intends to dismiss, pursuant to Rule 12(b)(6), BOE's cross-claim for indemnification and contribution against SED.

No later than July 1, 2009, BOE shall respond to this order. BOE shall state (1) whether it objects to the dismissal of its cross-claim against SED; and (2) the legal support for any such objection. No later than July 8, 2009, SED may reply to BOE's submission.

SO ORDERED.

DATED:   New York, New York
         June 25, 2009

_____
KIMBA M. WOOD
United States District Judge

4