UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

GULINO, ET AL.,

Plaintiffs,

-against-

BOARD OF EDUCATION, ET AL.,

Defendants.

---------------------------------------X

96 CV 08414 (KMW)
OPINION AND ORDER

WOOD, U.S.D.J.:

Plaintiffs, who represent a class of African-American and Latino teachers in the New York City public school system, allege that Defendant the New York City Board of Education (the "Board") and former Defendant the New York State Education Department (the "Department") discriminated against Plaintiffs in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. Plaintiffs' claims against the Department have been dismissed. Three entities ("Movants") seek to intervene in this action under either Federal Rule of Civil Procedure ("Rule") 24(a)(2) or Rule 24(b).

For the reasons set forth below, the Court DENIES Movants' motion to intervene, but GRANTS Movants amicus status.

I. Background

A. Parties

1. Plaintiffs

Plaintiffs represent a class of African-American and Latino New York public school teachers, who either lost their teaching licenses or were prevented from obtaining full teaching licenses because they did not pass the Liberal Arts and Sciences Test of the New York State Teacher Certification Examination (the "LAST") or its predecessor, the National Teacher Core Battery Exam (the "NTE") (Compl. ¶¶ 64-65.)

2. Defendant

The Board manages the New York City ("City") public school system, and is the employer of City public school teachers. (Compl. ¶ 62.) To comply with various state regulations, the Board hires teachers for permanent positions only if they have met certain state-mandated certification requirements, including passing the LAST or NTE. (Trial Court Findings of Fact, dated Sept. 4, 2003, ¶¶ 12-44 [hereinafter "Ct. Findings"].)

3. Movants

The Regents have authority under the New York State ("State") Constitution to establish State education policy. (Mot. at 6.) In 1981, the Regents instituted a liberal arts and sciences testing requirement for candidates seeking State

teaching licenses, which led to the development and use of the LAST and NTE for teacher certification. (Ct. Findings ¶¶ 12-44.)

The Department is a State agency charged with the general management and supervision of the State's public schools. (Mot. at 7.) The Department developed the NTE and LAST, and oversees the licensing of State public school teachers. (Compl. ¶ 63.)

The Commissioner is chief executive officer of the Department. (Ct. Findings ¶ 16.) The Commissioner promulgated the regulations that made the NTE and LAST part of the State's licensing requirements. (Ct. Findings ¶ 17; Mot. at 7.)

B. Procedural History

1. Initial district court proceedings

Plaintiffs brought this class action in 1996, alleging that the NTE and LAST had a disparate impact on African-American and Latino teachers. Plaintiffs alleged that by mandating that teachers pass the NTE or LAST in order to teach in the City's public schools, the Board and the Department discriminated against Plaintiffs in violation of Title VII.

In 2003, after a lengthy bench trial, Judge Motley ruled that Defendants' use of the NTE and LAST did not violate Title VII. Judge Motley held that Plaintiffs had established a prima facie case of disparate impact. (Ct. Findings ¶ 160.) She found, however, that Defendants had proven that the NTE and LAST

were job-related, a defense to Plaintiffs' disparate impact showing.[1] (Ct. Findings ¶¶ 161-63.)

ii. Second Circuit proceedings

Plaintiffs appealed Judge Motley's decision to the Second Circuit. The Circuit agreed with Judge Motley that the NTE was properly validated and job-related. The Circuit held, however, that Judge Motley had applied the wrong legal standard when she determined that the LAST was job-related.[2] Gulino v. New York

---

[1] An employment test that has a disparate impact is invalid under Title VII unless the defendant can prove that the test is "job-related." A test is job-related if it has been properly validated. Validation requires showing "by professionally acceptable methods, [that the test is] predictive of or significantly correlated with important elements of work behavior which compromise or are relevant to the job or jobs for which candidates are being evaluated." Gulino v. N.Y. State Educ. Dept., 460 F.3d 361, 383 (2d Cir. 2006) (internal quotations and citations omitted).

[2] The Second Circuit has articulated a five-part test for determining whether an employment test has been properly validated and thus is job-related: (1) The test-makers must have conducted a suitable job analysis; (2) they must have used reasonable competence in constructing the test itself; (3) the content of the test must be related to the content of the job; (4) the content of the test must be representative of the content of the job; and (5) there must be a scoring system that usefully selects those applicants who can better perform the job. See Gulino, 460 F.3d at 384.

Judge Motley determined that the NTE was job-related under the Second Circuit's test. For various reasons, however, she applied a different test to determine the LAST's job-relatedness. The Second Circuit ruled that Judge Motley also should have applied the Circuit's five-part test to the LAST. See Id. at 388.

State Educ. Dept., 460 F.3d 361, 385 (2d Cir. 2006). The Circuit vacated Judge Motley's ruling with respect to the LAST, and remanded the case, instructing the District Court to determine whether the LAST was job-related under the standard articulated in the Circuit's opinion. Id. at 388.

The Circuit also found that the Department was not an "employer" for the purposes of Title VII, and thus could not be liable for its development and use of the NTE and LAST. Id. at 379-80. The Circuit ordered the District Court to dismiss all claims against the Department. Id. at 379.

C. Current Procedural Posture

With the claims against it dismissed, the Department, along with the Regents and Commissioner, seek to intervene in this action either as of right under Rule 24(a)(2), or through permissive intervention under Rule 24(b). In their motion, Movants seek a declaratory judgment from the Court that: (1) the LAST is effected pursuant to the State's licensing authority and police powers, and so is not subject to challenge under Title VII; (2) the Board is required to comply with the State's licensing procedures and Plaintiffs cannot challenge a state licensing requirement by bringing a Title VII action against an employer bound to follow state law; and (3) to the extent the LAST is subject to Title VII challenge, it is job-related.

Plaintiffs object to Movants' motion.

For the reasons set forth below, the Court DENIES Movants' motion. The Court GRANTS Movants the right to participate in the action as amici curiae.

III. Analysis

The Court finds that: (1) Movants' motion raises two issues already conclusively decided by the Second Circuit, which the Court cannot reconsider on remand; (2) Movants are not entitled to intervene as a matter of right under Rule 24(a)(2); and (3) Movants are not entitled to intervene by permission under Rule 24(b).

A. Issues Already Decided by the Second Circuit

Movants' motion improperly seeks declaratory judgment from this Court on two issues that the Second Circuit conclusively decided on appeal: (1) whether the LAST can be challenged under Title VII even though it was adopted pursuant to the State's licensing authority (the Second Circuit answered "yes")[3]; and (2) whether the Board is protected from Title VII liability because it was following the mandates of state law (the Second Circuit

[3] In its opinion, the Circuit stated that the Department was acting pursuant to its traditional police powers when it developed and used the LAST for teacher certification. See Gulino, 460 F.3d at 378. The Circuit held, however, that the LAST still could be challenged through a Title VII suit against the Board, Plaintiffs' employer. See Id. at 381.

answered "no")[4]. The Court cannot reconsider on remand issues already decided by the Second Circuit. The Court DENIES Movants' motion to intervene for a declaratory judgment on these issues.[5]

B. Issues Not Yet Decided by the Second Circuit

The Second Circuit has not yet decided whether the Board can be held liable under Title VII for its requiring teachers to pass the LAST. The issue that has been remanded to this Court is whether the LAST is job-related. For the reasons set forth below, the Court finds that Movants cannot intervene under either Rule 24(a)(2) or Rule 24(b) for a declaratory judgment on this question.

C. Intervention as of right under Rule 24(a)(2)

1. Legal standard

To intervene as of right, an intervenor must (1) file a timely application, (2) show that it has a "direct, substantial, and legally protectable" in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and

---

[4] In the original District Court proceedings, Judge Motley held that the "mandates of state law" do not shield BOE from Title VII liability. On appeal, the Second Circuit agreed with Judge Motley and stated that the BOE could be liable under Title VII, despite the fact that state law mandated it to use the LAST in hiring decisions. See Gulino, 460 F.3d at 380.

[5] The Court makes this determination first so that it can properly analyze the nature and scope of Movants' motion and interests when deciding whether to grant intervention under Rule 24(a)(2) or Rule 24(b).

(4) show that the interest is not adequately protected by existing parties to the action. Brennan v. N.Y. City Bd. of Educ., 260 F.3d 123, 130-32 (2d Cir. 2001); Wash. Elec. Coop. V. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 96-97 (2d Cir. 1990).

Adequate representation by existing parties is presumed when a potential intervenor and an existing party share the same "ultimate objective" in the litigation. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179 (2d Cir. 2001). A party seeking intervention can rebut the presumption of adequate representation by showing "collusion, adversity of interest, nonfeasance, or incompetence" by existing parties. Id. at 180. A potential intervenor cannot defeat the adequacy presumption simply by showing that he has a different motive to litigate than existing parties. Natural Resources Def. Council, Inc. v. N.Y. State Dep't of Envtl. Conservation, 834 F.2d 60, 62 (2d Cir. 1987); U.S. v. N.Y. State Bd. of Elections, No. 07-cv-4211, 2008 WL 1752217, at *2 (2d Cir. Apr. 15, 2008) (holding that existing party would adequately represent potential intervenor, even though the two entities had different motives for litigating, because a ruling in favor of the existing party would fully protect the potential intervenors' interests).

2. Application

Movants meet the first three prongs of the Rule 24(a)(2) test. First, Movants filed their motion just one month after the case was reassigned within the District Court, so it is timely. Second, Movants have a "direct, substantial, and legally protected" interest in the LAST's validity. Movants have constitutional and statutory authority to regulate the State public school system, including by implementing teacher certification requirements. The LAST is an integral part of Movants' licensing requirements, and Movants expended substantial time and resources developing it. Finally, Movants' interest could be impaired by disposition of the action. A finding that the LAST is not job-related will invalidate Movants' licensing scheme and force them to develop a new test.

Despite their interest in the LAST's validity, Movants do not have a right to intervene, because Movants fail to establish that their interests in the action will be inadequately protected by existing parties. Movants and the Board have the same "ultimate objective" in the litigation because both want the Court to rule in favor of the Board by finding that the LAST is job-related. Such a ruling would fully protect Movants' interests because it would validate Movants' licensing procedures and allow them to continue using the LAST. The Court thus

presumes that the Board will adequately represent Movants in the action. Movants fail to rebut this presumption.

Movants do not show "collusion, adversity of interest, nonfeasance, or incompetence" on the part of the Board. Movants do have somewhat broader motives for litigating than the Board. Movants seek not only to absolve the Board of liability, but also to protect their investment in the LAST and the integrity of their licensing procedures. An existing party's representation is not inadequate, however, "merely because its motive to litigate is different" from that of the potential intervenor. Washington Elec., 922 F.2d at 98.

Movants have not rebutted the presumption that the Board will adequately represent them in the litigation. The Court DENIES Movants' motion to intervene as of right under Rule 24(a)(2).

C. Permissive Intervention under Rule 24(b)

1. Legal standard

The Court has broad discretion to decide whether to grant permissive intervention under Rule 24(b). United States v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir. 1994) ("Reversal of a district court's denial of permissive intervention is a very rare bird indeed, so seldom seen as to be considered unique."). In making its determination, the Court considers the same factors it

considers for intervention as of right, as well as (1) whether the potential intervenors will benefit from intervention; (2) whether the potential intervenors will contribute to the development of the underlying factual issues in the action; and (3) whether intervention will unduly delay or prejudice the adjudication of existing parties' rights. Fed. R. Civ. P. 24(b); In re Bank of N.Y. Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003); U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978).

2. Application

The Court will not grant permissive intervention to Movants. The Court has already found that the Board will adequately represent Movants in the action; thus Movants will not necessarily benefit from intervention.

To the extent that Movants may be able to contribute to development of the litigation's factual record, they may do so as amicus curiae. Granting Movants amicus status will ensure that the Court benefits from any additional information Movants may have, while avoiding the duplicative and unnecessary litigation that would arise if the Court permitted Movants to file a separate motion for a declaratory judgment on whether the LAST is job-related.

The Court DENIES Movants' motion for permissive intervention

under Rule 24(b), but GRANTS Movants the right to participate in the action as <u>amici curiae</u>.

IV. <u>Conclusion</u>

For the reasons set forth above, Court DENIES Movants' motion to intervene under Rule 24(a)(2) or Rule 24(b). The Court GRANTS Movants status as <u>amici curiae</u>.

Parties have not yet briefed the Court on what additional briefing or proceedings are necessary in this action on remand. Therefore, the Court is not in a position to fully evaluate how <u>amici</u> can most usefully participate in the action going forward. Once the Court is able to do so, it will inform <u>amici</u> of the precise scope and manner of their participation.

SO ORDERED.

DATED: New York, New York
September 16, 2009

Kimba M. Wood
KIMBA M. WOOD
United States District Judge