UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

ELSA GULINO, MAYLING RALPH, PETER WILDS, and NIA GREENS, on behalf Of themselves and all others similarly situated,

                          Plaintiffs,

          -against-

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK; and NEW YORK STATE EDUCATION DEPARTMENT,

                          Defendants.

---------------------------------------------------------------- x

**DECLARATION IN SUPPORT OF CITY BOARD'S SUPPLEMENTAL REMAND SUBMISSION**

96 Civ. 8414 (KMW)

        **EAMONN F. FOLEY** declares, pursuant to 28, U.S.C. § 1746, that the following is true and correct:

        1.   I am an Assistant Corporation Counsel in the offices of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant the Board of Education of the City School District of the City of New York ("City Board") in the referenced action.

        2.   I make this declaration in support of City Board's Supplemental Reply Submission on Remand Pursuant to the Court's August 12, 2010, Order.

        3.   Attached hereto as Exhibit 1 is copy a Consent Order, dated August 24, 200, in <u>Mills v. Levy</u>, Index No. 26196/00 (Supreme Court, Kings County).

        I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: October 13, 2010
       New York, New York

                                                            _/s/ Eamonn F. Foley_
                                                            EAMONN F. FOLEY

# EXHIBIT 1

At an IAS Term, Part 22 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 24th day of August, 2000

PRESENT:
HON. JOSEPH F. BRUNO,
                Justice.

-----------------------------------------------------------X
RICHARD P. MILLS, AS COMMISSIONER OF
EDUCATION OF THE STATE OF NEW YORK,

                              Plaintiff,

                                                            CONSENT ORDER
- against -                                          Index No. 26196/00

HAROLD O. LEVY, AS CHANCELLOR OF THE
NEW YORK CITY BOARD OF EDUCATION,
WILLIAM THOMPSON, JR., AS PRESIDENT OF
THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK
AND THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                                Defendants,

-and-

UNITED FEDERATION OF TEACHERS,

                                Intervenor-Defendant.
-----------------------------------------------------------X

       WHEREAS, Plaintiff State Education Commissioner Richard P. Mills ("Commissioner"), having moved by order to show cause for a preliminary injunction on August 1, 2000, in this action seeking to enforce an order of the Commissioner dated July 17, 2000, requiring Defendants, Chancellor Harold O. Levy, President of the Board of

Fax-212-788-....

Education William C. Thompson, and the Board of Education of the City of New York (collectively referred to as "Defendants") to employ only certified teachers newly hired into vacancies in Schools Under Registration Review ("SURR schools") after September 1, 1999; and

**WHEREAS**, the United Federation of Teachers having been granted leave to intervene as a Defendant-intervenor in this action; and

**WHEREAS**, the Plaintiff having moved for and been granted a temporary restraining order on August 1, 2000; and

**WHEREAS**, Defendants moved to dismiss the complaint; and

**WHEREAS**, the parties in order to settle this action in the best interests of the children of the City of New York agree to the following;

1. By September 7, 2000, Defendants shall fill every vacancy in SURR schools in the Common Branch license area with certified teachers only.

2. After the date of this order, if the Defendants hire a certified teacher for a non-Common Branch vacancy, that teacher must be assigned first to a vacancy in a SURR school.

3. After the date of this order, Defendants shall make best efforts to assign all other newly hired certified teachers to fill vacancies in SURR schools in other than their area of certification, where appropriate, based on their educational qualifications and experience, and with the approval of the Commissioner.

4. The Commissioner shall make best efforts to identify by August 29, 2000 the schools anticipated to be removed from SURR schools status on November 1, 2000. The July 17, 2000 Commissioner's Order shall not apply to those schools.

5. Vacancies that remain in SURR schools as of September 7, 2000, in non-Common Branch license areas may be filled by an uncertified teacher holding a temporary license for the 2000-2001 school year only.

6. Vacancies arising in SURR schools after September 7, 2000, shall be filled with certified teachers within 40 school days of the vacancy. If the vacancy cannot be filled within the 40 day period, the Defendants may apply for a temporary license per the Commissioner's rules and regulations.

7. Defendants shall submit for review by the Commissioner relevant service and background information of the uncertified teachers first assigned to SURR schools subsequent to September 1, 1999, who received a temporary license and who were recommended for renomination. The Commissioner shall determine, in his discretion, which of those individuals may be permitted to remain in the SURR assignment by renewing a temporary license for the 2000-2001 school year only.

8. By April 1, 2001, Defendants must demonstrate that all vacancies covered by the Commissioner's July 17, 2000 Order shall be filled by certified teachers by September 1, 2001. A preliminary progress report shall be provided to the Court and the Commissioner by November 1, 2000.

3

9. The Plaintiff withdraws the motion for a preliminary injunction, and the Defendants withdraw their cross-motion, both without prejudice, and the date for a hearing is adjourned indefinitely.

10. Upon evidence of non-compliance by Defendants, the motion for preliminary injunction may be restored upon five (5) business days written notice, and a briefing schedule and date for a hearing to determine whether to issue a preliminary injunction shall be set by the Court. Defendants preserve all rights, defenses and arguments in opposition to such motion.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order until April 1, 2002.

12. The temporary restraining order is vacated.

4

Eliot Spitzer, Attorney General of the State of New York

By: *[signature]*
JUDITH T. KRAMER
Attorney for Richard P. Mills, as Commissioner of Education of the State of New York

Stroock & Stroock & Lavan LLP

By: *[signature]*
ALAN M. KLINGER
Attorney for United Federation of Teachers

Michael D. Hess, Corporation Counsel of the City of New York

By: *[signature]*
DANIEL McCRAY
Attorney for Harold O. Levy, as Chancellor of the New York City Board of Education, et al

*[signature]* 8/24/00

J.S.C.

HON. JOSEPH E. BRUNO

96 Civ. 8414 (KMW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELSA GULINO, MAYLING RALPH, PETER WILDS, and NIA GREENS, on behalf of themselves and all others similarly situated,

                                  Plaintiffs,

-against-

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK; and NEW YORK STATE EDUCATION DEPARTMENT,

                                  Defendants.

## DECLARATION IN SUPPORT OF CITY BOARD'S SUPPLEMENTAL SUBMISSION

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for the Board of Education*
*100 Church Street, 2-197*
*New York, N.Y. 10007*

*Of Counsel: Eamonn F. Foley*
*Tel: (212) 788-0781*
*NYCLIS #: 96GL000890*