```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ELSA GULINO, MAYLING RALPH,
PETER WILDS, and NIA GREENE, on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

       – against –

THE BOARD OF EDUCATION OF THE
CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK,

                Defendant.
------------------------------------------------------------ X

96 Civ. 8414 (KMW)

**ORDER OF APPOINTMENT**

      This Court previously entered an order appointing the Hon. Bernard J. Fried (Ret.) to serve as a special master for issues related to classwide damages calculations as well as individual hearings and relief. See Docket No. 424. The parties have advised the Court that Justice Fried is no longer available to serve as special master in this case.

      The Court having now considered (i) the Declaration of Proposed Special Master John S. Siffert (Docket No. 432); (ii) the absence of any grounds for the disqualification of John S. Siffert; and (iii) the request by – KMW ~~consent of~~ the parties in this case to John S. Siffert serving as Special Master,

IT IS HEREBY ORDERED THAT:

1.      Pursuant to Federal Rule of Civil Procedure 53(a)(1)(B) and this Court's inherent equitable powers and authority, this Court appoints John S. Siffert as Special Master.

Duties

2.      The Special Master shall render decisions regarding classwide damages and relief issues and preside over the process of individual claimant hearings and issue decisions following those hearings. The specific duties of the Special Master are as follows, which shall include all powers necessary to carry out the duties below:

a. Determining the contents of a claim form to be mailed to individuals who may be class members through which those individuals may assert that they have met the criteria for class membership and make a claim for individualized compensatory and/or equitable relief.

b. Considering the parties' arguments, conducting hearings, and issuing findings of fact and conclusions of law relating to the following: (i) the facts that individual claimants must show in order to establish class membership and eligibility for monetary and other equitable relief; (ii) the non-discriminatory reasons for removing a class member from a permanent teaching appointment or denying a class member a permanent teaching appointment; (iii) the components and calculation of monetary relief for back pay potentially available to class members before such factors as mitigation efforts and interim earnings, if any, have been considered; and (iv) the availability, scope, and administration of individualized equitable relief to class members.

c. Designing, recommending to the Court, managing, and presiding over the process for individual hearings regarding class membership and the amount of monetary relief and the extent of equitable relief to be awarded to individual class members.

d. Supervising the discovery of materials and information, from the parties and non-parties, appropriate to adjudicate the issues listed in Sections 2.b. and 2.c. of this Order, including imposing appropriate limitations and restrictions on the scope and timing of this discovery.

e. Additional duties may be assigned to the Special Master by the Court in subsequent orders, upon notice to the parties and an opportunity to be heard with regard to those additional duties.

3. The Special Master shall have the full authority set forth in Fed.R.Civ.P. 53(c).

Reporting and Judicial Review

4. Within 60 days following service of this Order, the Special Master shall consult with the counsel for the parties and provide the Court with a scheduling plan setting forth the procedure and timeline for completing the relief phase of this action. That scheduling plan should include a process for resolving preliminary legal and factual issues necessary to begin the individual claim process, a procedure for raising additional legal or factual issues if they arise during the claims process, and a process for resolving any disputes that may arise with regard to implementation of the scheduling plan and for adjusting the timeline set forth in the scheduling plan, which shall include a meet and confer provision.

5. The Special Master shall file all written scheduling plans, orders, reports, and recommendations on the electronic docket, along with any evidence that the

Special Master believes will assist the Court in reviewing those scheduling plans, orders, reports, or recommendations. The Special Master shall preserve during the pendency of this action, including any appeals, any documents he receives from the parties.

6. The Special Master shall report to the Court on an ongoing basis concerning the progress in resolving the issues above when the Special Master issues a ruling or as the Special Master believes appropriate, but no less frequently than once every 90 days.

7. Either party may seek to introduce the scheduling plans, orders, reports, and recommendations of the Special Master as evidence in this case in accordance with the Federal Rules of Evidence.

8. The parties may file objections to—or a motion to adopt or modify—the Special Master's scheduling plans, orders, reports, or recommendations no later than fourteen calendar days after the service of each, and the Court will review these objections, consistent with the standards set forth in Federal Rule of Civil Procedure 53(f).

Access to Information

9. The Special Master shall have the access to individuals, information, documents, and materials relevant to the orders of the Court that he requires to perform his duties, subject to the terms of this Order Appointing a Special Master.

10. The Special Master may not communicate with a party or a party's counsel or staff on an ex parte basis. The Special Master may communicate with the Court on an ex parte basis only concerning non-substantive matters such as scheduling or the status of his work.

Budget, Compensation, and Expenses

11. The City of New York will be responsible for paying all costs of the Special Master's work. John S. Siffert is a partner in the firm Lankler Siffert & Wohl LLP ("LSW"). Mr. Siffert is authorized to make reasonable use of the services of associate attorneys and paralegals employed by LSW in aid of his services as Special Master. During the initial phase of his engagement as Special Master, Mr. Siffert anticipates he will be assisted by Kevin Koller, an associate at LSW, as well as by paralegals at LSW. Mr. Siffert and LSW have agreed that during this engagement, Mr. Siffert's professional fee will be billed at the rate of $690 per hour and that this hourly rate will not increase during his engagement as Special Master. Mr. Siffert and LSW have also agreed that during this engagement, any associate attorneys and paralegals who work on this engagement will be bill at an hourly rate that has been discounted 25% from the rate that LSW customarily charges its clients. The rate charged for LSW associates and paralegals may increase during this engagement at such times as LSW adjusts the hourly rates it charges for such services to other clients.

3

12. Every 30 days, the Special Master shall submit to the parties a draft itemized statement. The parties and LSW shall have a two week period in which to review the draft itemized statement for any errors and to attempt to resolve any disagreements, at which time LSW shall submit a final itemized statement noting any areas of unresolved dispute to the Court to inspect for regularity and reasonableness. If the Court determines the itemized statement is regular and reasonable, the Court may sign it and transmit it to the parties and such transmittal shall constitute a direction to the City of New York to pay the amount set forth in the itemized statement. The City of New York shall then remit to LSW any Court-approved amount in the regular manner in which it pays bills, but not later than 30 calendar days following Court approval.

Engagement of Professionals, Support Staff, and Expert Consultants

13. If the Special Master determines that the efficient administration of his duties requires the assistance of additional professionals or support staff beyond those described in Section 11 of this Order, or expert consultants, he may submit a work proposal, including an anticipated budget, to the parties who will have five business days to submit comments, after which time the Special Master may then submit the work proposal to the Court for consideration.

Other Provisions

14. As an agent and officer of the Court, the Special Master and those working at his direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

15. As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, the Court directs the Special Master to proceed with all reasonable diligence.

16. The Special Master shall be discharged or replaced only upon an order of this Court.

17. The parties, their successors in office, agents, and employees will observe faithfully the requirements of this Appointment Order and cooperate fully with the Special Master in the performance of their duties.

Dated: May 20, 2014
New York, New York

*(signature)*
Honorable Kimba Wood
United States District Judge

4