April 13, 2015

*VIA ECF*

Honorable Kimba M. Wood
United States District Judge
United States Courthouse
500 Pearl Street, Room 18B
New York, New York  10007

      Re:    *Gulino v. Board of Education*, 96-CV-08414 (KMW)

Dear Judge Wood:

      Pursuant to this Court's direction, the plaintiffs and Defendant Board of Education of the City School District of the City of New York ("BOE") jointly submit this week's case-status letter.

1) <u>Work of the Court-Appointed Test Validation Expert</u>

      Court-appointed test-validation expert Dr. James Outtz's report on the validity of the LAST-2 is pending before this Court.

      During a conference call with the parties and the New York State Education Department ("SED") on March 30, 2015, this Court stated that it would review the validity of the Academic Literacy Skills Test ("ALST") and had asked Dr. Outtz to prepare a report on that exam.  Dr. Outtz's report is due June 1, 2015, and any response or fact-witness testimony from the parties, SED or test developer NCS Pearson, Inc. ("Pearson") is due by June 15, 2015.  A hearing on Dr. Outtz's conclusions is scheduled for June 22, 2015.  [*See* ECF Nos. 575, 579, 581.]

      On April 10, 2015, the SED produced to Dr. Outtz an initial set of materials relating to whether the ALST is valid.  The SED must produce additional documents by April 24, 2015.  [*See* ECF No. 583.]

      The SED produced ALST-related documents only to Dr. Outtz and not to the parties.  However, because this Court's Order dated March 30, 2015 [ECF No. 575] expressly permits the parties to respond to Dr. Outtz's report on the ALST, it suggests that the parties are entitled to review the documents produced to Dr. Outtz.  The parties respectfully request the Court to confirm whether the SED must produce to the parties all the documents produced to Dr. Outtz.

2) <u>Relief-Phase Discovery/Update on Work of the Special Master</u>

    a) *Discovery From the BOE and the Teachers' Retirement System of the City of New York ("TRS")*

      The following discovery requests to the BOE or to TRS are currently outstanding:

- Payroll data for all teachers.  The BOE has produced payroll data for non-class members and for individuals who filed claim forms before March 8, 2015.  On

- March 13, 2015, the plaintiffs asked the BOE to confirm that apart from individuals who had recently filed claim forms, it had produced data for all teachers, as directed by Court-appointed Special Master John Siffert. The BOE has not yet responded.

- All data from TRS regarding class members who have submitted claim forms. On January 14, 2015, the plaintiffs served a subpoena for this data. On February 23, 2015, TRS produced this information for everyone who had submitted a claim form before January 12, 2015. On March 11, 2015, counsel for TRS advised the plaintiffs that TRS would supplement this production with information for individuals who had submitted claim forms after January 12. On March 18, 2015, the plaintiffs requested that TRS clarify certain aspects of its February 23 production.

- Clarification of the rules for teachers' progression through salary levels. The BOE produced salary-advancement information on February 11, February 12 and February 20, 2015. On February 26, 2015, the plaintiffs asked the BOE to clarify some of the information it produced. The parties' experts discussed these questions with the BOE's representatives on April 7, 2015. On April 8, 2015, the plaintiffs provided the BOE with additional questions based on the experts' April 7 meeting. The BOE is gathering information to address these questions.

- Personnel files for the claimants against whom the BOE intends to raise affirmative defenses. Under the Special Master's Scheduling Order [ECF No. 461], the BOE must produce "the personnel files of any claimant for whom the BOE is contesting damages within 15 days of receipt of claim form from claims administrator."

- Personnel files for the claimants who have indicated they want to be considered for a full-time teaching position pursuant to the injunctive relief granted by this Court and whom the BOE has requested discovery from and is challenging, as required by the Scheduling Order approved by the Special Master and entered by the Court. On February 27, 2015, the BOE completed the production of personnel files for everyone who had submitted a claim form by December 28, 2014. The BOE is currently gathering the files of class members who returned claim forms after December 28, 2014.

Defendant and third parties to whom some of the requests are directed, have raised objections to many of these demands on multiple grounds, including that the requests are burdensome and unreasonable. The plaintiffs believe that where these objections have been made, they are neither appropriate, nor have they been stated in a particularized manner that provides detail regarding the alleged burden. The Special Master has been working with the parties to resolve these issues.

*b) Discovery From the SED*

On January 2, 2015, and on February 25, 2015, the plaintiffs served the SED with subpoenas for certification records of claimants who had expressed interest in seeking permanent employment with the BOE pursuant to the injunction entered by this Court. Although the SED agreed to respond to the January 2 subpoena on a rolling basis, it did not make a production after February 10, 2015 until March 10, 2015. On March 10, the SED produced a summary of information for the claimants referenced in the January 2 subpoena rather than the actual documents requested by that subpoena. The plaintiffs then raised this issue with the SED on multiple occasions, and the SED did not respond until April 2, 2015, when it objected to producing certain documents called for by the plaintiffs' subpoena. On April 6, 2015, the plaintiffs responded to the SED's objection, and the SED replied that it would produce all documents in response to both subpoenas by April 20, 2015.

By order dated April 3, 2015, this Court directed the SED to comply with the plaintiffs' February 25 subpoena by April 20, 2015. [*See* ECF No. 579.]

*c) Other Issues Pending Before the Special Master*

The parties have been meeting with the Special Master in a series of mediation sessions to discuss the damages model and the status of relief-phase discovery. The most recent mediation session was held on April 8, 2015, and the next session is scheduled for April 16, 2015.

Pursuant to the Special Master's scheduling order, the parties submitted to the Special Master their respective expert reports on damages issues and the computer codes underlying the experts' damages models on March 23, 2015. [*See* ECF No. 558.] The BOE's expert submitted a revised report on April 7, 2015, and the computer code underlying the revised report on April 8, 2015. The Special Master directed the parties to provide the components of their respective damages models by April 16, 2015.

On April 8, 2015, the Special Master issued a draft report and recommendations relating to certain relief-phase damages issues. The parties must submit any response to this draft by April 22, 2015. [*See* ECF No. 459.]

2) <u>Class-wide Injunctive Relief</u>

On March 9, 2015, the plaintiffs submitted to the Special Master a proposed order to show cause, to which the BOE does not object, enjoining the SED from discontinuing administration of the Assessment of Teaching Skills-Written examination ("ATS-W") and from destroying ATS-W scores. On March 12, 2015, the Special Master filed the proposed order with this Court and recommended that it be entered.

During a conference with the parties and the SED on March 20, 2015, this Court directed the SED and Pearson to maintain the availability of the ATS-W through November 24, 2018. In a conference call on March 30, 2015, the SED advised the parties and the Court that it was working with Pearson to ensure the continued availability of the test.

On April 8, 2015, the Special Master submitted to the Court a proposed order appointing Robert Bentley as an expert consultant to the Special Master and parties on whether individual claimants satisfy the certification requirements cited in the Court's order granting class-wide injunctive relief. [*See* ECF Nos. 530, 576.] The Special Master recommended that the Court enter the proposed appointment order.

3) <u>Claim Forms</u>

Court-appointed claims administrator Garden City Group, Inc. ("GCG") has received 3,915 claim forms. Every week, GCG identifies individuals who have submitted incomplete claim forms and then notifies them by mail that additional information is necessary to process their forms. By stipulation dated January 29, 2015, the parties agreed on a process for handling incomplete claim forms. [*See* ECF No. 550.]

The claim forms include a release for earnings information from the Social Security Administration ("SSA"). After the claim forms had been issued last fall, the SSA changed the form of the release and increased the fee for processing it. The Special Master has been working with the SSA to expedite the processing of the release forms received from claimants.

The parties are available to the Court should Your Honor have any questions.

Respectfully submitted,

| | |
|---|---|
|   */s/* Grace D. Kim |   */s/* Joshua S. Sohn |
| William S.J. Fraenkel | Joshua S. Sohn |
| Grace D. Kim | Mishcon de Reya New York LLP |
| Assistant Corporation Counsel | 750 Seventh Avenue, 26th Floor |
| New York City Law Department | New York, New York  10019 |
| 100 Church Street, Rm. 2-197 | (212) 612-3270 |
| New York, New York  10007 | |
| (212) 356-2442 | Anthony D. Gill |
| | DLA Piper LLP (US) |
| *Attorneys for Defendant* | 500 Eighth Street, NW |
| *New York City Department of Education* | Washington, DC 20004 |
| | (202) 799-4562 |
| | |
| | *Attorneys for Plaintiffs* |