UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELSA GULINA, ET AL.,

v.

THE BOARD OF EDUCATION OF THE
CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK,

Defendant.

96-CV-8414 (KMW)

ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/18

KIMBA M. WOOD, District Judge:

The Court hereby adopts the Special Master's September 7, 2018 Report and

Recommendation regarding the proposed Pension Stipulation and Order.

SO ORDERED.

Dated: New York, New York
       November 29, 2018

THE HON. KIMBA M. WOOD
United States District Judge

-----------------------------------

ELSA GULINO, MAYLING RALPH, PETER WILDS, and NIA GREENE, on behalf of

themselves and all others similarly situated,

*Plaintiffs*,

v.

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW

YORK,

*Defendant*.



96 CIV. 8414

-----------------------------------

# REPORT AND RECOMMENDATION

TO THE HONORABLE KIMBA M. WOOD, United States District Court Judge.

John S. Siffert, SPECIAL MASTER

For the reasons stated below, I recommend that the Court so order the attached proposed Pension Stipulation & Order.

## I. Background

The facts of this case are set forth fully in previous opinions by the District Court over the course of this litigation. *See, e.g.*, *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.* (*Gulino I*), 201 F.R.D. 326 (S.D.N.Y. 2001) (Motley, J.); *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.* (*Gulino V*), 907 F. Supp. 2d 492 (S.D.N.Y. 2012) (Wood, J.). I recite only those facts relevant to this Report and Recommendation.

From 1994 to 2014, the Board of Education of the City School District of New York ("Defendant" or "BOE") required permanent teachers to pass various iterations of the Liberal

Arts and Sciences Test ("LAST") as a condition of employment, even though the tests were not properly validated and had a disparate impact on African-American and Latino teachers. Plaintiffs represent a class of approximately 4,500 African-American and Latino teachers who lost or were denied permanent teacher positions as a result of this discriminatory policy. In 2012, the District Court found that Defendant's use of the LAST violated Title VII, and in 2013, it certified a remedy-phase class. Since then, the Court enjoined Defendant from using the test to make hiring decisions and has ordered that certain class members be deemed certified for the purposes of BOE hiring decisions.

The Court has ordered that class members are entitled to pension damages to compensate them for pension benefits that they would have received absent the discrimination for which Defendant has been found liable. *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, No. 96-cv-8414 (KMW), 2016 WL 4129111, at *3 (S.D.N.Y. Aug. 3, 2016) ("[T]he parties agree that class members are entitled to the lost pensions they would have received absent the discriminatory LAST.").

The Court appointed me Special Master to oversee the two-stage remedial phase that it outlined in its Certification Order. That Order directed that the first stage address "classwide issues, including calculation of backpay, pension benefits, and seniority" and that the second stage address "individual issues, including mitigation and the amount of backpay to which each claimant is entitled." *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.* (*Gulino VI*), No. 96-cv-8414, 2013 WL 4647190, at *6 (S.D.N.Y. Aug. 29, 2013) (Wood, J.). In accordance with my Order of Appointment (*see* May 20, 2014 Order of Appointment, [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment, [ECF No. 524]), I submitted Interim Reports and Recommendations which the Court has adopted. (*See* IRR dated

October 24, 2014, [ECF No. 516], Order, [ECF No. 536]; IRR dated July 17, 2015, [ECF No. 678], Opinion & Order, [ECF No. 674]; IRR dated June 13, 2016, [ECF No. 777], Order, [ECF No. 800]).

## II. Agreement by the Parties

The Pension Stipulation & Order was drafted by the parties in consultation with me. It is the culmination of many months of effort to deal with complex and arcane factual and legal issues. In particular, the efforts of Bryan Berge, Senior Counsel at the New York City Law Department, should be credited with engaging the three New York City retirement systems to achieve a fair solution to what initially appeared to be an intractable problem. Plaintiffs' counsel, especially Robert A. Mantel, also deserve special mention for completing the Pension Stipulation & Order.

The New York City Teachers' Retirement System ("TRS"), the Board of Education Retirement System ("BERS"), and the New York City Employee Retirement System ("NYCERS")—public pension systems in which a portion of the plaintiff class are current or retired members—consent to those protocols and procedures detailed in the Pension Stipulation & Order.[1]

The parties agree to waive the timeframe and procedure in the Second Amended Order of Appointment [ECF No. 524] for submission of their objections, as they agree the objections they previously set forth should be deemed submitted to the Court.

---

[1] TRS, BERS, and NYCERS are non-parties that have consented to the terms that pertain to them and for which consent has not been expressly withheld. TRS, BERS, and NYCERS have consented to these terms solely for the purpose of effectively administering the pension relief due to class members. TRS, BERS, and NYCERS were not parties to the discrimination for which the BOE has been found liable and take no position on the litigation.

### III. Conclusion

For the foregoing reasons and for the reasons contained in the record, I recommend that the Court adopt the Pension Stipulation & Order.

_____
Special Master

Dated:   New York, New York
         September 7, 2018

4