------------------------------------

ELSA GULINO, MAYLING RALPH, PETER WILDS, and NIA GREENE, on behalf of themselves and all others similarly situated,

*Plaintiffs,*

v.

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,

*Defendant.*

------------------------------------

96 CIV. 8414

**REPORT AND RECOMMENDATION FOR CLAIMANT SHANIESE HEYWARD**

TO THE HONORABLE KIMBA M. WOOD, United States District Court Judge.

John S. Siffert, SPECIAL MASTER

For the reasons stated below, I recommend that the Court adopt the Findings of Fact and Conclusions of Law for Shaniese Heyward, enter the Proposed Judgment submitted herewith, and certify the Proposed Judgment for Shaniese Heyward as final and appealable.

**I.     Background**

The facts of this case are set forth fully in previous opinions by the District Court over the course of this litigation. *See, e.g., Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y. (Gulino I),* 201 F.R.D. 326 (S.D.N.Y. 2001) (Motley, J.); *Gulino v. Bd. of Educ. of*

*the City Sch. Dist. of the City of N.Y. (Gulino V)*, 907 F. Supp. 2d 492 (S.D.N.Y. 2012) (Wood, J.). I recite only those facts relevant to this Report and Recommendation for Shaniese Heyward.

From 1994 to 2014, Defendant Board of Education of the City School District of the City of New York ("Defendant" or "BOE") required permanent teachers to pass various iterations of the Liberal Arts and Sciences Test ("LAST") as a condition of employment, even though the tests were not properly validated and had a disparate impact on African-American and Latino teachers. Plaintiffs represent a class of approximately 4,500 African-American and Latino teachers who lost or were denied permanent teacher positions as a result of this discriminatory policy. In 2012, the District Court found that Defendant's use of the LAST violated Title VII, and in 2013, it certified a remedy-phase class. Since then, the Court enjoined Defendant from using the test to make hiring decisions and ordered that certain members be deemed certified for the purposes of BOE hiring decisions.

The Court appointed me Special Master to oversee the two-stage remedial phase that it outlined in its Certification Order. That Order directed that the first stage address "classwide issues, including calculation of backpay, pension benefits, and seniority" and that the second stage address "individual issues, including mitigation and the amount of backpay to which each claimant is entitled." *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y. (Gulino VI)*, No. 96-cv-8414, 2013 WL 4647190, at *6 (S.D.N.Y. Aug. 29, 2013) (Wood, J.).

## II. Procedural History

The Court certified a remedy-phase class of Plaintiffs (*See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, No. 96-cv-8414, [ECF No. 386]). Shaniese Heyward ("Claimant") is a member of the class and submitted an individual demand for damages on October 18, 2018.

In accordance with my Order of Appointment (*see* May 20, 2014 Order of Appointment [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment [ECF No. 524]), I submitted Interim Reports and Recommendations ("IRRs"), which the Court has adopted. (*See* IRR dated October 24, 2014 [ECF No. 516], Order [ECF No. 536]; IRR dated July 17, 2015 [ECF No. 678], Opinion & Order [ECF No. 674]; IRR dated June 13, 2016 [ECF No. 777], Order [ECF No. 800]; IRR dated July 15, 2016 [ECF No. 790], Order [ECF No. 826]). The first two IRRs addressed first-stage classwide issues, including the viability of certain defenses, Defendant's burdens on the remaining defenses, and whether backpay awards could be adjusted on a classwide basis to account for attrition. The third IRR addressed the proper damages model for calculating class members' backpay at individual hearings.

Also, in accordance with my Order of Appointment, I held hearings on Claimant's demand for damages. (*See* May 20, 2014 Order of Appointment [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment, [ECF No. 524]).

Upon my recommendation, the Court adopted Classwide Conclusions of Law [ECF No. 1008], so ordered a Stipulation of Classwide Facts and Procedures [ECF No. 1009], and a Stipulation Concerning the Admissibility of Exhibits, and entered into evidence Classwide Exhibits [ECF No. 1010].

Prior to the hearings for Claimant, Plaintiffs submitted a pre-hearing damages demand chart and exhibits reflecting the basis for Claimant's damages demand. Defendant submitted a response based on its own model and expert analysis. The parties' models incorporated the issues addressed in my prior IRRs that previously were adopted by the Court. (*See* IRR dated October 24, 2014 [ECF No. 516], Order [ECF No. 536]; IRR dated July 17, 2015 [ECF No. 678], Opinion & Order [ECF No. 674]; IRR dated June 13, 2016 [ECF No. 777], Order [ECF No.

800]; IRR dated July 15, 2016 [ECF No. 790], Order [ECF No. 826]). In its response to Claimant's demand, Defendant agreed to raise objections only to aspects of the demand that had not previously been addressed by these IRRs and the Court's Orders. Between submitting their initial pre-hearing damages chart and the Claimant's hearings, the parties had multiple opportunities to confer regarding objections. At individual hearings, I made rulings on remaining objections, and the parties then submitted a final pre-hearing damages chart reflecting their positions. The versions of the pre-hearing damages chart are submitted in Exhibits to the Proposed Judgment and are part of the record.

At hearings for Shaniese Heyward, I reviewed the evidence and heard argument with respect to the Claimant's demand for damages and Defendant's objections to the same. Following each of those hearings, I circulated a summary to the parties setting forth the arguments presented by the parties at the hearing and my rulings on each of the issues raised. The parties were given the opportunity to assert objections or propose edits to the summaries before they were finalized. The parties have agreed that those conference summaries accurately set forth the parties' positions at the hearings and my rulings. The portions of the summaries relevant to this Claimant are cited in Exhibit 1 to the Proposed Judgment, and were submitted as part of the record in Exhibits II (A)-(JJ) of the Classwide Exhibits.

Exhibit 1 to the Proposed Judgment contains Findings of Fact and Conclusions of Law. This document was drafted jointly by the parties with my input. After receiving the initial draft, I resolved certain disputes and proposed additional edits. I then circulated an updated draft to the parties and gave them several additional opportunities to propose edits or additions. The Parties set forth their objections to my rulings in the footnotes to the Findings of Fact and Conclusions of Law.

### III. Agreement of the Parties

The parties agree that the damages charts, conference summaries, and Findings of Fact and Conclusions of Law accurately set forth the parties' positions and accurately reflect their objections to my rulings. The parties further agree that the objections that have been preserved in the record do not need to be re-submitted to the Court in connection with this Report and Recommendation for Shaniese Heyward. The parties agree that the Court may adopt or reject the Report and Recommendation for Shaniese Heyward on the basis of the arguments and objections to the rulings contained in the record. The parties also waive the timeframe and procedure in the Second Amended Order of Appointment [ECF No. 524] for submission of their objections, as they agree the objections they previously set forth should be deemed submitted to the Court.

### IV. Certification of Judgment as Final and Appealable

Based on my findings and with agreement of the parties, I recommend that the Court certify the Proposed Judgment for Shaniese Heyward as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

Where, as here, "an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court and will be set aside only for an abuse of discretion." *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992). The district court's discretion, however, is to be exercised sparingly in light of the "'historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8

(1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Certification under Rule 54(b) should be granted only "where there are interest[s] of sound judicial administration and efficiency to be served, or . . . where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hogan*, 961 F.2d at 1025 (internal quotation marks and citations omitted).

The parties agree, and I recommend that the Court find, that there are multiple claims and numerous class members in this case and that when the Court enters judgment for Shaniese Heyward, her claim will have been finally decided, with nothing further to be done by the Special Master or the Court. The parties also agree, and I recommend that the Court find, that certification is in the interest of sound judicial administration and there is a danger of unusual injustice through delay. This case has been pending for more than two decades. At its current pace, where Defendant is reserving the right to contest the damages demands of each class member at individual hearings, it will take years before judgments are entered for all class members.

Certification will serve the interests of judicial economy. Rule 54(b) certification of this judgment will allow the parties to take an immediate appeal. An appeal at this juncture will permit review of classwide issues that affect the calculation of damages for all class members, as well as individualized issues that may assist in the resolution of damages for other class members with similar factual circumstances. This, in turn, will simplify the determination of damages for the approximately 4,500 remaining class members. Following my appointment as Special Master, I issued several IRRs which the Court adopted, addressing issues common to the class, such as calculation of backpay damages, entitlement to pension benefits, entitlement to health care benefits, calculation of in-service seniority, and attrition probabilities. I also recommended,

and the Court adopted, procedures for addressing common legal and factual issues regarding mitigation. I further recommended, and the Court found, that any questions of fact remaining after discovery could be litigated by the parties at individual hearings. Although these hearings are individualized, the principles by which determinations are made are recurrent in the class.

Any appeal of Claimant's final judgment will resolve the classwide issues that are raised by the parties, and thereby preclude the parties from persisting in their objections to classwide issues at the hearings for the remaining class members. Likewise, the final resolution of Claimant's damages, and the Court's individualized findings regarding her claim in particular, will both definitively resolve her claim, and assist the parties and the Special Master expeditiously to resolve damages determinations for remaining class members with similar factual circumstances. The Special Master and the parties agree that only a small percentage of the remaining class members likely will not be resolved by the straightforward application of appellate determinations of classwide issues in Claimant's judgment and other judgments that are certified pursuant to Rule 54(b). Thus, certification will expedite the pending claims of most, if not all, of the approximately 4,500 remaining class members.

Certification of the judgment will also mitigate the hardship that otherwise would be caused by delaying the finality of Claimant's judgment. This case has been pending for 22 years, and the issue of liability was fully determined seven years ago. Some class members already are retired, some are medically challenged, some are in financial need, and some have died. Class members who will be adjudged to be entitled to backpay, disability benefits, and pension payments will suffer hardship if the appellate process is not permitted to proceed and expedited. In any event, it would be unjust to make the class members wait for the completion of all of the

individual hearings before any individual judgments are final and the class members receive the amount that is finally adjudged to be due to them.

Similarly, certification will relieve Defendant from the hardship facing an inchoate contingent liability without knowing how much actually will be owed as a result of this case. In addition, the ability promptly to enter judgments will cut off millions of dollars of additional backpay damages that otherwise will accrue and that Defendant otherwise will have to pay if judgments are delayed.

V.  **Conclusion**

For the foregoing reasons and for the reasons contained in the record, I recommend that the Court adopt the Findings of Fact and Conclusions of Law for Shaniese Heyward; direct the Clerk of the Court to enter the Proposed Judgment submitted herewith; expressly determine that there is no just reason for delay; and certify the Proposed Judgment for Shaniese Heyward as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

Dated:  New York, New York
        October 7, 2019

_____
JOHN S. SIFFERT
Special Master