UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ELSA GULINO, MAYLING RALPH, PETER WILDS,          :
and NIA GREENE, on behalf of themselves and all others   :
similarly situated,                                                         :  96 Civ. 8414 (KMW)
                                                                                 :
                                          Plaintiffs,                       :
                                                                                 :
                          - against -                                       :
                                                                                 :
THE BOARD OF EDUCATION OF THE CITY          :
SCHOOL DISTRICT OF THE CITY OF NEW YORK,   :
                                                                                 :
                                          Defendant.                     :
------------------------------------------------------------------- x


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE BOE'S MOTION
TO DENY RECOVERY OF DAMAGES BY CLASS MEMBERS WHO WERE NOT
APPOINTED AFTER PASSING THE LAST**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................1

FACTS ..............................................................................................................................2

ARGUMENT ......................................................................................................................4

    I.      THE BOE BEARS THE BURDEN OF PROVING THAT A CLAIMANT
          DID NOT RECEIVE, OR NECESSARILY WOULD NOT HAVE
          RECEIVED, A PERMANENT APPOINTMENT, FOR A NON-
          DISCRIMINATORY REASON. ...........................................................................4

          A.     Where An Employment Examination Violates Title VII, Plaintiffs
                   Establish Presumptive Entitlement To Relief By Showing That
                   They Failed The Examination.......................................................................4

          B.     Title VII Defendants Bear The Burden Of Proving Legitimate, Non-
                   Discriminatory Bases For Adverse Employment Action............................6

    II.     THE BOE CANNOT SATISFY ITS BURDEN MERELY BY
          ESTABLISHING THAT A CLAIMANT PASSED THE LAST AND
          THEN FAILED TO OBTAIN A PERMANENT TEACHING
          APPOINTMENT. ................................................................................................8

          A.     The Fact That A Claimant Passed The LAST Without Obtaining A
                   Permanent Appointment Does Not Constitute Proof Of A Non-
                   Discriminatory Reason For Adverse Employment Action. ........................8

                 1.     The BOE May Not Rely On New Hiring Criteria To
                         Preclude Damages...........................................................................8

                 2.     The BOE's Argument Requires The Court To Speculate
                         About The Outcome Of Subjective Events If The Claimant
                         Had Passed The LAST Initially. .....................................................9

          B.     The BOE Provides No Authority Addressing Damages In A Title
                     VII Case. ...................................................................................................12

CONCLUSION...................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ass'n Against Discrimination in Employment, Inc. ("AADE") v. City of Bridgeport,*
   647 F.2d 256 (2d Cir. 1981)..................................................................................4, 6, 7

*Baptiste v. Cushman & Wakefield,*
   2007 WL 747796 (S.D.N.Y. Mar. 7, 2007) ...............................................................13

*Cohen v. W. Haven Bd. of Police Comm'rs,*
   638 F.2d 496 (2d Cir. 1980)..........................................................................................6, 7

*Gulino v. Bd. of Educ.,*
   907 F. Supp. 2d 492 (S.D.N.Y. 2012)..........................................................................2

*Gulino v. Bd. of Educ.,*
   No. 96-CV-8414, 2013 WL 4647190 (S.D.N.Y. Aug. 29, 2013)..................................2

*Hahn v. Bank of America Inc.,*
   2014 WL 1285421 (S.D.N.Y. Mar. 31, 2014) ..................................................12, 13

*Int'l Brotherhood of Teamsters v. United States,*
   431 U.S. 324 (1977)........................................................................................................6

*Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.,*
   753 F.3d 395 (2d Cir. 2014)..........................................................................................12

*Robinson v. Metro-North Commuter R.R. Co.,*
   267 F.3d 147 (2d Cir. 2001)..........................................................................................6

*Segar v. Smith,*
   738 F.2d 1249 (D.C. Cir. 1984).........................................................................6, 11, 12

*Turnes v. AmSouth Bank, NA,*
   36 F.3d 1057 (11th Cir. 1994) .......................................................................................7

*U.S. v. City of New York,*
   681 F. Supp. 2d 274 (E.D.N.Y. 2010) ...................................................................5, 6

*U.S. v. City of New York,*
   717 F.3d 72 (2d Cir. 2013).............................................................................................5

*U.S. v. City of New York,*
   847 F. Supp. 2d 395 (E.D.N.Y. 2012) ...................................................................6, 10

The plaintiffs, through their undersigned counsel, respectfully submit this memorandum of law in opposition to the Defendant Board of Education of the School District of the City of New York's (the "BOE's") motion to categorically deny damages to class members who passed the Liberal Arts and Sciences Test ("LAST") and did not subsequently obtain a permanent teaching appointment with the BOE.

## INTRODUCTION

The finding that the LAST violated Title VII triggered specific burdens of proof with respect to damages. Because the Court found that the BOE is liable, each plaintiff needs to show only that he or she took and failed the LAST to be presumptively entitled to relief. This entitlement can be defeated only if the BOE can prove that the plaintiff's injury had a non-discriminatory cause. The BOE may not speculate. It must prove that there was in fact a non-discriminatory cause of the injury. If the explanation offered by the BOE leaves room for uncertainty or requires the Court to make assumptions, any doubt must be resolved against the BOE and in favor the plaintiff.

The BOE's arguments, however, are premised on a complete reversal of this principle. According to the BOE's papers, a discriminatory job requirement is presumptively not injurious if the plaintiff eventually manages to satisfy it. The BOE does not—and cannot—cite any authority to support this one-hundred-eighty degree reversal of well-established principles governing the relief phase in a Title VII cases.

This well-established law requires the BOE to prove that, following a class member's failure of the LAST, any adverse employment action against that class member was taken for a legitimate non-discriminatory reason. In the BOE's latest motion, it asserts that it can satisfy this burden merely by showing two things: first, that a claimant eventually passed the LAST; and

1

second, that he or she subsequently did not obtain a permanent teaching position.  If established, however, these two facts would prove nothing about the extent to which the claimant was injured by initially failing the LAST.  They do not compel the BOE's conclusions that (1) because a class member did not receive a permanent appointment after eventually passing the LAST, that class member would not have obtained a position if he or she had passed the LAST on the first attempt; or (2) because the exam was ultimately passed, there was simply no injury due to discrimination. These conclusions are simply wrong.  They are purely speculative, and fail to satisfy the BOE's burden of proof at this stage of the case.

## **FACTS**

On December 5, 2012, this Court held that the LAST, which had previously been found to have an adverse impact against African-American and Latino test-takers, was not job related and that the BOE therefore violated Title VII by conditioning permanent teaching appointments on passing the LAST.[1]  Following the Court's decision on liability, the plaintiffs moved for certification of a class seeking individualized monetary and injunctive relief under Rule 23(b)(3).[2] This Court granted that motion on August 29, 2013.[3]

In the spring of 2014, this Court appointed John Siffert as a Special Master to oversee the remedial phase of this case.[4]  Under the supervision of the Special Master, the parties sent

---

[1] *See Gulino v. Bd. of Educ.*, 907 F. Supp. 2d 492, 523 (S.D.N.Y. 2012).

[2] *See Gulino v. Bd. of Educ.*, No. 96-CV-8414, Dkt. 328, Notice of Motion for Class Certification dated Feb. 22, 2013.

[3] *See Gulino v. Bd. of Educ.*, No. 96-CV-8414, 2013 WL 4647190, at *12 (S.D.N.Y. Aug. 29, 2013).

[4] *See Gulino v. Bd. of Educ.*, No. 96-CV-8414, Dkt. No. 454, Amended Order of Appointment dated July 2, 2014.

members of the class claim forms with which they could seek monetary damages flowing from the LAST's discriminatory effects.  As of the filing of this brief, nearly 4,000 individuals have returned claim forms.[5]

On March 23, 2015, each of the parties submitted to the Special Master an expert report proposing a mathematical model for calculating the damages to which each claimant is entitled. On May 7, 2015, the Special Master conducted a hearing with the parties and their respective experts in order to compare the alternative models.  During the hearing, the BOE argued that a claimant should receive no damages if he or she (i) passed the LAST and then (ii) did not receive a permanent teaching appointment.  The Special Master asked the BOE to submit a legal brief supporting its position.  On May 19, 2015, the BOE submitted a letter ("May 19 Letter") restating the position it had expressed at the hearing and arguing also that the BOE satisfies its burden of proof on this issue by establishing that the claimant passed the LAST and then did not obtain employment for a reason other than his or her initial failure of the LAST.

For the reasons below, the Court should reject the BOE's positions.  The fact that a claimant ultimately passed the LAST does not affect the parties' relative burdens in the relief phase of the case, and it proves nothing about what would have happened if the claimant had passed the LAST initially.  As a result, the Court should not categorically bar recovery of damages by class members who did not become a permanent teacher after passing the LAST.

---

[5] *See Gulino v. Bd. of Educ.*, No. 96-CV-8414, Dkt. No. 557, Joint Status Letter From the Parties to Hon. Kimba M. Wood, dated May 26, 2015, at p. 3.

## **ARGUMENT**

I.    THE BOE BEARS THE BURDEN OF PROVING THAT A CLAIMANT DID NOT RECEIVE, OR NECESSARILY WOULD NOT HAVE RECEIVED, A PERMANENT APPOINTMENT, FOR A NON-DISCRIMINATORY REASON.

   A.    Where An Employment Examination Violates Title VII, Plaintiffs Establish Presumptive Entitlement To Relief By Showing That They Failed The Examination.

As plaintiffs explained in their motions to strike the affirmative defenses asserted by the BOE, a Title VII plaintiff establishes presumptive entitlement to individual relief by showing that he or she suffered adverse employment action after taking and failing an unlawful employment examination that violates Title VII.[6] Here, once a claimant shows that he or she failed the LAST, that claimant is presumptively entitled to relief.

Courts have repeatedly held that this presumption does not require plaintiffs to show that they would have satisfied any other aspect of the hiring or promotional process. For example, the Second Circuit in *AADE v. City of Bridgeport* struck the district court's requirement that plaintiffs show they had satisfied the employer's job requirements other than an employment examination found to violate Title VII.[7] The Second Circuit held that the plaintiffs could establish "prima facie entitlement to backpay" merely by showing they had applied to take the exam.[8] Similarly, after finding that New York City's firefighter employment tests violated Title VII, the district court in *U.S. v. City of New York* rejected the City's argument that entitlement to relief depended

---

[6] *See* Plaintiffs' Memorandum of Law in Support of Their Motion to Strike Certain Affirmative Defenses, dated July 14, 2014, at pp. 6-8; Plaintiffs' Supplemental Memorandum of Law in Support of Their Motion to Strike Defendant's Proposed Affirmative Defenses, dated August 4, 2014, at p. 8.

[7] *Ass'n Against Discrimination in Employment, Inc. ("AADE") v. City of Bridgeport*, 647 F.2d 256, 289 (2d Cir. 1981).

[8] *Id.*

4

on "which of the class members would have actually gone forward with the [hiring] process."[9]
Rather, the court held that "[o]nce a claimant comes forward with evidence that, for example, he
or she failed [the discriminatory examination], that individual would be entitled to a presumption
that he or she was the subject of discrimination and is entitled to compensatory, make-whole
relief."[10]

In the May 19 Letter, the BOE ignores these fundamental principles and erroneously
contends that a Title VII plaintiff "always" bears a burden of showing a causal connection
between a discriminatory act and adverse employment action.[11]  The single authority provided by
the BOE for this assertion is a dissenting opinion in an appeal in *U.S. v. City of New York*.[12]  In
the passage cited by the BOE, the dissent simply identifies an element of an individual plaintiff's
initial burden in the liability stage of a disparate treatment case: the circumstances of the adverse
action must give rise to an "inference of discrimination."[13]  This case, of course, is long past the
liability stage, and there is more than an "inference" of discrimination.  This Court entered a
finding of discrimination.  The opinion cited by the BOE does not address the burden-shifting
framework relevant to the current posture of the case—the relief stage of a disparate impact class
action.

Besides citing a decision with no relevance to this case, the BOE simply fails to address
the Second Circuit authorities discussed above.  These authorities provide the actual starting point

---

[9] *U.S. v. City of New York*, 681 F. Supp. 2d 274, 283 (E.D.N.Y. 2010).

[10] *Id.* at 284.

[11] Letter from William Fraenkel to John Siffert dated May 19, 2015 ("May 19 Letter"), at 3.

[12] *Id.* (citing *U.S. v. City of New York*, 717 F.3d 72, 102-103 (2d Cir. 2013) (Pooler, J., dissenting)).

[13] *U.S. v. City of New York*, 717 F.3d at 102 (Pooler, J., dissenting) (citation omitted).

for any consideration of an affirmative defense at the relief stage—*i.e.*, every claimant who can show that he or she failed the LAST is presumptively entitled to individual monetary relief.

      B.     Title VII Defendants Bear The Burden Of Proving Legitimate, Non-Discriminatory Bases For Adverse Employment Action.

The Second Circuit has held that once a Title VII plaintiff establishes presumptive entitlement to relief, the defendant assumes the burden of proving "that a legitimate non-discriminatory reason existed for the particular adverse [employment] action."[14]  In this case, once a class member establishes that he or she took and failed the LAST, the BOE can defeat that class member's claim for damages only by proving that there was a non-discriminatory reason for any adverse employment action it took against the claimant.

Should the BOE attempt to meet its burden through introduction of evidence to support arguments that it has not waived by stipulation, this Court must resolve against the BOE any uncertainty about whether the BOE's asserted reason was actually the basis for the adverse employment action.  The Second Circuit has held that when it is "uncertain whether the plaintiff would have been hired in the absence of the discriminatory practice . . . the issue should be resolved against the defendant, the party responsible for the lack of certainty."[15]  In *AADE*, the

---

[14] *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 162 (2d Cir. 2001); *AADE*, 647 F.2d at 289 (holding that upon satisfaction of plaintiff's prima facie claim for relief, "[t]he burden then shifts to the defendant to rebut this prima facie showing by proving that the class member would not have been hired even absent discrimination"); *U.S. v. City of New York*, 681 F. Supp. 2d at 284-85 ("Following [a plaintiff's] simple showing [that he or she failed the discriminatory exam], the burden would rest on the City 'to demonstrate that the individual applicant was denied an employment opportunity for lawful reasons.'") (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 362 (1977))).

[15] *Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 502 (2d Cir. 1980); *see also Segar v. Smith*, 738 F.2d 1249, 1291 (D.C. Cir. 1984) ("If effective relief for the victims of discrimination necessarily entails the risk that a few nonvictims might benefit from the relief, then the employer, as a proven discriminator, must bear that risk.") (citation omitted); *U.S. v. City of New York*, 847 F. Supp. 2d 395, 432 (E.D.N.Y. 2012) (holding that where "there is simply no identifiable method of determining whether [a] claimant would have acted differently had he or she . . . had a greater chance of being considered" for a

Second Circuit identified one potential source of uncertainty: whether class members would have passed allegedly non-discriminatory hiring requirements had a discriminatory examination not been given.[16]  The Second Circuit held that because the discriminatory examination effectively prevented the satisfaction of other hiring requirements, any debate about whether those requirements would have been satisfied should be resolved against the defendant:

> If direct proof is unavailable on these questions, it is attributable to the discriminatory policies and practices of the City, which prevented the actual taking of such tests as would have been taken, absent the discrimination.  Therefore, to the extent that it is uncertain whether a candidate would have met the City's nondiscriminatory requirements, the uncertainty 'should be resolved against the defendant, the party responsible for the lack of certainty.'[17]

Here, to the extent there is any doubt whether a plaintiff would have satisfied non-discriminatory hiring criteria had he or she not initially failed the LAST, that doubt is resolved against the BOE.

Additionally, defendants must demonstrate that the allegedly non-discriminatory basis for the adverse employment action existed at the time of the injury.  In *Cohen v. West Haven Board of Police Commissioners*, the Second Circuit expressly recognized that a defendant cannot meet its burden by relying on whether a plaintiff has satisfied "new criteria" for employment.[18]

---

job, "[t]he uncertainty about what would have happened . . . 'should be resolved against the defendant'") (citation omitted).

[16] *AADE*, 647 F.2d at 289.

[17] *Id.* at 289 (quoting *Cohen*, 638 F.2d at 502).

[18] *Cohen*, 638 F.2d at 503 n.11(rejecting the validity of "new criteria" when evaluating alleged non-discriminatory bases for employment action); *see also Turnes v. AmSouth Bank, NA*, 36 F.3d 1057, 1061 (11th Cir. 1994) (holding that "an employer may not satisfy its burden of production by offering a justification which the employer either did not know or did not consider at the time the decision was made").

Accordingly, the BOE cannot meet its burden by relying on hiring criteria developed after a claimant initially failed the LAST.

II.     THE BOE CANNOT SATISFY ITS BURDEN MERELY BY ESTABLISHING THAT A CLAIMANT PASSED THE LAST AND THEN FAILED TO OBTAIN A PERMANENT TEACHING APPOINTMENT.

      A.     The Fact That A Claimant Passed The LAST Without Obtaining A Permanent Appointment Does Not Constitute Proof Of A Non-Discriminatory Reason For Adverse Employment Action.

         In light of the principles discussed in Section I.B, the BOE cannot meet its relief-phase burden merely by showing that a claimant failed to obtain a permanent appointment after eventually passing the LAST.  This offer of "proof" would: (1) ignore the fact that objective hiring criteria changed from 1993 to the present, thus inappropriately assuming a teacher who did not pass current hiring requirements would have failed previous and different requirements; (2) ignore the fact that the BOE's hiring needs changed during the class period, and the teacher shortage that existed at the beginning of the class period lessened and/or abated over time; and/or (3) ignore that it is necessarily a speculative assertion that subjective events affecting a claimant's application (*e.g.*, attending a particular job fair or the availability of an open position) would have occurred in the same way following a claimant's success on the LAST as what would have occurred if—contrary to history— the claimant had passed the LAST at some earlier date.  None of these assumptions carries the BOE's burden of *proving* a non-discriminatory cause.

         *1.     The BOE May Not Rely On New Hiring Criteria To Preclude Damages.*

         The BOE asserts that "we have hard evidence, actual results" that a claimant who subsequently passed the LAST must necessarily be unqualified in a way that is unrelated to their

initial failure of the exam.[19]  The BOE is wrong.  One explanation for a claimant's not obtaining a permanent appointment after passing the LAST is that the BOE's hiring requirements changed between the time the claimant failed the LAST and the time he or she passed.  In particular, the BOE requires teachers to be state-certified,[20] and state certification requirements have changed over time.  For example, a teaching examination called the Content Specialty Test ("CST") became a requirement for obtaining a provisional certificate only after 2004.[21]  A claimant who initially failed the LAST before 2004 and managed to pass the LAST after 2004 would have been required to pass the CST to obtain a provisional certificate required by the state in order to apply for a permanent teaching position with the BOE.  That claimant might have not taken or might have failed the CST and been prevented from becoming a permanent teacher.  In this scenario, the BOE's argument depends on a claimant's failure to meet requirements that were in place only *after* the claimant passed the LAST.  Because defendants may not rely on newly developed hiring criteria to meet their relief-phase burden, the BOE's blanket assumption that passing the LAST and failing to obtain a permanent position at any time can rebut a presumption of discrimination from an earlier failure to pass the LAST should be rejected.

> 2.    *The BOE's Argument Requires The Court To Speculate About The Outcome Of Subjective Events If The Claimant Had Passed the LAST Initially.*

In situations where objective hiring requirements did not change between the time the claimant initially failed the LAST and the time he or she passed (or where a claimant was eventually able to meet the new requirements), the BOE's argument depends on the assumption

---

[19] May 19 Letter, at p. 3.

[20] *Gulino v. Bd. of Educ.*, No. 96-CV-8414, Hearing Transcript (Aug. 28, 2013), at 68:23-69:12.

[21] *Compare, e.g.,* 8 N.Y.C.R.R. § 80-3.3(b)(2)(i)(a) *with* 8 N.Y.C.R.R. § 80-2.12(a)(2).

that the events following a claimant's successful completion of the LAST would have occurred in exactly the same way if the claimant had passed the LAST initially at an earlier date.  But that assumption is inherently speculative, because the BOE's hiring process includes subjective elements and its hiring needs changed over time.  For example, the hiring process includes an interview with a principal of the school to which the prospective teacher is applying.[22]  The outcome of an interview after a claimant passes the LAST might not be the same as the outcome of an interview that would have taken place with a different principal at a different school if the claimant had initially passed the test at a different time.  Whether or not the BOE could or should have predicted that claimants would "so despair over ever passing the LAST to as abandon all efforts to meet other requirements"[23] is both offensive and irrelevant.  The fact is that once claimants failed the offending exam, their subsequent efforts do not erase the BOE's liability for damages.

Indeed, courts decline to make exactly the assessment required by the BOE's argument—what plaintiffs' employment prospects would have been absent discrimination.  In *U.S. v. City of New York*, for example, the district court rejected the City's request that the fact-finder in an individual claims process review claimants' background information to determine whether they would have been hired absent the City's discrimination, "attempting to place itself in the position of City hiring officials at the time the City was considering the applicants for employment."[24] The court found this subjective review was "doubly unclear," since the fact-finder would have to

---

[22] *Gulino v. Bd. of Educ.*, No. 96-CV-8414, Transcript of the Deposition of Lawrence Becker (June 5, 2014), at 64:20-22, 17:3-12.

[23] May 19 Letter, at pp. 2-3.

[24] *U.S. v. City of New York*, 847 F. Supp. 2d at 431.

decide which aspects of a claimant's background were relevant, and how those details would have factored into the claimant's hiring prospects.[25]  The court rejected this approach because it would have led the fact finder into "a quagmire of hypothetical judgments."[26]  That is exactly what this Court would be called upon to do by comparing what actually occurred after a claimant passed the LAST with a subjective hiring process that did not occur as a result of the claimant's initial failure of the exam.

More generally, in *Segar v. Smith*, the D.C. Circuit recognized that the cumulative effects of discrimination over the span of employees' careers in the Drug Enforcement Agency ("DEA") created a situation in which "[a]ny attempt to recreate the employment histories of individual employees absent discrimination would result in mere guesswork."[27]  For example, discrimination in class members' initial work assignments adversely affected their chances for promotion, because it restricted the amount of experience they were able to obtain.[28]  As a result of the cascading effects of discrimination, the D.C. Circuit affirmed the district court's decision to award backpay on a classwide basis rather than to speculate about what individual employees' experiences would have been if the DEA had not discriminated.[29]  The D.C. Circuit rejected the DEA's objection that this approach would grant relief to agents who were not actually discriminated against in, *e.g.*, promotional decisions.[30]

---

[25] *Id.*

[26] *Id.* at 432.

[27] *Segar*, 738 F.2d at 1290.

[28] *See id.* at 1290.

[29] *See id.* at 1291.

[30] *Id.* at 1289.

This Court should similarly reject the BOE's suggestion that it would be improper to award damages to claimants who passed the LAST and did not subsequently obtain a permanent appointment.  As in *Vulcans* and *Segar*, accepting the BOE's argument would necessarily entail speculation about the trajectories claimants' careers would have taken absent the BOE's discrimination and would perversely punish claimants who subjected themselves to retaking an unlawful exam, which under unequivocal Title VII law, they had no obligation to do.

B.      The BOE Provides No Authority Addressing Damages In A Title VII Case.

The BOE fails to cite any authority holding that damages are not recoverable by a Title VII plaintiff who manages to satisfy a discriminatory job requirement after initially failing to do so.  In fact, the BOE cites no authority addressing damages in a Title VII case whatsoever.  The BOE's citations are limited to liability-phase cases in which the plaintiff was attempting to prove that she was the victim of retaliation in the workplace.[31]

For example, in *Hahn v. Bank of America, Inc.*, the plaintiff claimed that the defendant employer fired her for complaining to the human resources department about an allegedly discriminatory comment a supervisor had made about her national origin.[32]  The district court noted that as part of her *prima facie* case of retaliation, the plaintiff needed to show a causal connection between her termination and her complaint about the alleged comment.[33]  The court

---

[31] The BOE also cites *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395 (2d Cir. 2014), an antitrust case, for a general discussion of proximate causation.  *See* May 19 Letter, at p. 2.  Notably, the Second Circuit in *Lotes* rejected the district court's "'immediate consequence' standard" for proximate causation, which "focuse[d] narrowly on a single factor—the spatial and temporal separation between the defendant's conduct and the relevant effect."  *Lotes*, 753 F.3d at 412 (recognizing that "injuries can be transmitted through multi-layered supply chains").  The decision contradicts the BOE's suggestion that the only possible cause of an adverse employment action is an event immediately preceding the injury.

[32] *Hahn v. Bank of America Inc.*, 2014 WL 1285421, at *16 (S.D.N.Y. Mar. 31, 2014).

[33] *See id.* at *14.

noted that in between these two events, there were several incidents of poor workplace performance that broke any causal chain.[34]  *Baptiste v. Cushman & Wakefield*  follows the same pattern: the district court identifies causation as an element of the plaintiff's *prima facie* retaliation case, and it finds that an intervening event—a promotion—breaks the causal chain.[35]

Hahn and *Baptiste* are fundamentally different from this case, which is not a retaliation action and which is in the relief phase rather than the liability phase.  Unlike the *Hahn* and *Baptiste* plaintiffs, the class members in this case do not bear the burden of showing causation, it is presumed.  As discussed above and in several earlier briefs, the BOE is the party in this case that must prove negative causation—specifically, that there was a legitimate, non-discriminatory basis for adverse employment action against claimants.  The BOE provides no authority for reversing that burden and no authority supporting the argument that the burden is met by showing that a claimant passed the LAST and did not obtain a permanent teaching position.

---

[34] *Id.* at *19.

[35] *Baptiste v. Cushman & Wakefield*, 2007 WL 747796, at *10 (S.D.N.Y. Mar. 7, 2007).

## **CONCLUSION**

For all the reasons discussed above, the court should deny the BOE's request to automatically bar a claimant from recovering damages merely as a result of the fact that he or she did not receive a permanent teaching position after passing the LAST.

Dated: May 29, 2015
        New York, New York

|  |  |
|---|---|
|  |   /s/ Joshua S. Sohn         |
| Anthony D. Gill | Joshua S. Sohn |
| DLA Piper LLP (US) | MISHCON DE REYA |
| 500 Eighth Street, NW | 750 Seventh Avenue |
| Washington, DC  20004 | New York, NY  10019 |
| (202) 799-4000 | (212) 612-3271 |
|  |  |
|  | Rachel V. Stevens |
|  | Joshua A. Kane |
|  | DLA Piper LLP (US) |
|  | 1251 Avenue of the Americas |
|  | New York, New York 10020 |
|  | (212) 335-4500 |
|  |  |
|  | *Attorneys for Plaintiffs* |

14