UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
ELSA GULINO, MAYLING RALPH, PETER WILDS, : 
and NIA GREENE, on behalf of themselves and all others :
similarly situated, : 96 Civ. 8414 (KMW)
:
Plaintiffs, :
:
- against - : **[PROPOSED]**
: **JUDGMENT**
THE BOARD OF EDUCATION OF THE CITY SCHOOL : **FOR**
DISTRICT OF THE CITY OF NEW YORK, : **REYNA**
: **ARROYO**
Defendant. :
------------------------------------------------------------------- x

WHEREAS, the Court certified a remedy-phase class of Plaintiffs (*See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, No. 96-cv-8414, [ECF No. 386]), and Reyna Arroyo ("Claimant") is a member of that class and submitted an individual demand for damages on August 23, 2018;

WHEREAS, the Court appointed a Special Master (*See* May 20, 2014 Order of Appointment, [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment, [ECF No. 524]) to hear, among other things, demands for damages;

WHEREAS, the Special Master held a hearing on February 14, 2019, with respect to Ms. Arroyo's demand for damages and Defendant's objections;

WHEREAS, the Special Master made, and the Court adopted, Classwide Conclusions of Law, [ECF Nos. 999, 1008];

WHEREAS, the Board of Education of the City School District of the City of New York ("BOE") and Plaintiffs entered into, and the Court so ordered, a Stipulation of Classwide Facts & Procedures, [ECF No. 1009];

WHEREAS, the BOE and Plaintiffs entered into, and the Court so ordered, a Supplemental Stipulation Concerning Admissibility of Exhibits, which attached a Supplemental Index of Exhibits (collectively referred to as the "Classwide Exhibits") filed with the Court, [ECF No. 1837];

WHEREAS, the Special Master made Findings of Fact and Conclusions of Law for Reyna Arroyo, annexed hereto as Exhibit 1, that he recommended the Court adopt;

WHEREAS, the Special Master recommended, and the parties agreed with the Special Master's recommendation, that the Court certify this judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b);

1

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the annexed Findings of Fact and Conclusions of Law for Reyna Arroyo (Exhibit 1) are adopted;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ms. Arroyo will have judgment against the BOE as follows:

1. Backpay in the amount of $178,614;

2. Tax-component award in the amount of $20,987;

3. LAST Fees in the amount of $2,236;

4. ASAF account award in the amount of $1,833;

5. CAR Day award in the amount of $1,558;

6. Pre-judgment interest calculated to be $57,624; and

7. Pension-related relief pursuant to the terms of the Court's Order dated December 17, 2018 (Pension Stipulation & Order, [ECF No. 1014]).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ms. Arroyo will be entitled to the following non-monetary relief:

1. The BOE is ordered to amend its internal service, salary, payroll, and human resources systems as follows:

    a. Incorporate the findings of fact contained in the "Counterfactual Pension Damages Input" section, Section II(E) of Exhibit 1;

    b. Incorporate Ms. Arroyo's counterfactual monthly service history, as listed on Exhibit B to the Findings of Fact and Conclusions of Law for Reyna Arroyo; and

    c. Incorporate the findings of fact contained in the "Retroactive Seniority Adjustment" section, Section II(G) of Exhibit 1.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the Special Master's recommendation that this judgment be certified as final and appealable pursuant to Federal Rule of Civil Procedure 54(b) and expressly determines that there is no just reason for delay for the reasons stated in the Special Master's Report and Recommendation.

This Judgment Entry is certified and entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____                                    ENTERED:

_____

# Exhibit 1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ELSA GULINO, MAYLING RALPH, PETER WILDS,            :
and NIA GREENE, on behalf of themselves and all others :
similarly situated,                                 :    96 Civ. 8414 (KMW)
                                                    :
                    Plaintiffs,                     :
                                                    :
        - against -                                 :
                                                    :
THE BOARD OF EDUCATION OF THE CITY SCHOOL           :
DISTRICT OF THE CITY OF NEW YORK,                   :
                                                    :
                    Defendant.                      :
------------------------------------------------------------------ x
```

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR
<u>REYNA ARROYO</u>**

**I.     PROCEDURAL HISTORY — REYNA ARROYO**

      A.      As contemplated by the scheduling order in this case, on August 23, 2018, Plaintiffs' counsel ("Plaintiffs") submitted Reyna Arroyo's demand for damages (the "Demand") to the Board of Education of the City School District of the City of New York ("BOE" or "Defendant").[1] The Demand articulated the evidentiary basis for Ms. Arroyo's backpay damages, with and without interest; Ms. Arroyo's LAST-fee damages, with and without interest; and Ms. Arroyo's Annuity Savings Accumulation Fund ("ASAF") damages.[2] The Court has previously found, and Defendant has not objected to the finding, that class members are entitled to pension-related relief based on their counterfactual service and salary histories, as determined pursuant to the procedures set forth in the Pension Stipulation & Order.[3] Because pension-related relief is determined pursuant to the Pension Stipulation & Order, the Demand did not detail the scope or the amounts of Ms. Arroyo's pension-related relief.

---

[1] Reyna Arroyo Individual Pre-Hearing Damages Chart, dated August 23, 2018, attached as Exhibit D ("R. Arroyo Demand").

[2] *Id.*

[3] *See* Classwide Conclusions of Law, [ECF No. 1008]; *see also* Pension Stipulation & Order, [ECF No. 1014]; *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 800] ("[T]he parties agree that class members are entitled to the lost pensions they would have received absent the discriminatory LAST.").

1

    B.    Ms. Arroyo's Demand sought to modify the Court-ordered backpay damages model by:

        1.    Removing counterfactual educational advancement beyond RA;

        2.    Modifying Ms. Arroyo's damages start date/counterfactual appointment date;

        3.    Applying stipulated mitigation amounts from September 2004 through December 2004;

        4.    Modifying Ms. Arroyo's counterfactual salary-stepping;

        5.    Modifying Ms. Arroyo's start date for longevity bonuses; and

        6.    Modifying Ms. Arroyo's counterfactual end date.[4]

    C.    In total, Ms. Arroyo's Demand sought $248,323 in monetary damages, as of her presumed date of judgment of December 31, 2018, as well as a tax-component award in an amount to be determined.[5] The Demand noted that Ms. Arroyo's total monetary relief is subject to change based on Ms. Arroyo's actual date of judgment.[6]

    D.    On September 6, 2018, Defendant responded to Ms. Arroyo's Demand (the "Response").[7] Defendant made the following objections to Ms. Arroyo's Demand:

        1.    Ms. Arroyo's counterfactual salary-step should be 1A at counterfactual appointment; and

        2.    Plaintiffs appear to miscalculate damages from May 2016 through July 2016 and from February 2017 through May 2018.[8]

    E.    On October 26, 2018, Defendant withdrew its objection that Ms. Arroyo's counterfactual salary-step should be 1A at counterfactual appointment.[9]

    F.    On December 12, 2018, Plaintiffs submitted Ms. Arroyo's revised demand for damages (the "Revised Demand").[10] Ms. Arroyo's Revised Demand incorporated

---

[4] *See* R. Arroyo Demand.

[5] *See id.*

[6] *See id.*

[7] Def.'s Responses & Objections to R. Arroyo Demand, attached as Exhibit E ("Def.'s Response").

[8] *See id.*

[9] *See* Reyna Arroyo Individual Final Damages Demand Chart, attached as Exhibit F ("R. Arroyo Final Demand").

[10] *See* Letter and attachment from J. Sohn to W. Fraenkel, re: Gulino v. Board of Education, 1:96-cv-08414, dated December 12, 2018, attached as Exhibit G ("R. Arroyo Revised Demand").

       Defendant's objection concerning the calculation of damages from May 2016 through July 2016 and from February 2017 through May 2018.[11]  In total, Ms. Arroyo's Revised Demand sought $242,988 in monetary damages, as of her revised presumed date of judgment of December 31, 2019.[12]

    G.    On February 7, 2019, Defendant confirmed that the calculation of Ms. Arroyo's damages in Ms. Arroyo's Revised Demand was correct based upon the Special Master's prior rulings.[13]

    H.    During a conference held by the Special Master on February 14, 2019, Defendant did not request a hearing and did not contest Ms. Arroyo's credibility.[14]

    I.    Accordingly, the Special Master ruled that Ms. Arroyo satisfied her burden of proving that $242,988, plus a to-be-determined tax-component award, is the appropriate total damages amount based on the evidence presented, as of her presumed date of judgment.[15]  Ms. Arroyo's monetary damages continue to accrue through Ms. Arroyo's actual date of judgment.[16]

## II.    FINDINGS OF FACT — REYNA ARROYO[17]

    A.    <u>Background</u>

        1.    Reyna Arroyo is a Latina woman who was born on ▮▮▮▮▮, 1958.[18]

        2.    Ms. Arroyo was first employed by the BOE as a per diem teacher in 1996-97 school year.[19]

        3.    On February 1, 1997, in pursuit of a regularly appointed teacher position with the BOE, Ms. Arroyo first failed the Liberal Arts and Sciences Test

---

[11] *See id.*

[12] *See id.*

[13] *See* R. Arroyo Final Demand.

[14] *See* February 14, 2019 Special Master Conference Summary, Classwide Exhibits referenced in the so-ordered Supplemental Stipulation Concerning Admissibility of Exhibits (the "Classwide Exhibits") at GULCS 000587-595, [ECF No. 1837].

[15] *See id.*; *see also* R. Arroyo Final Demand.

[16] The parties stipulate, without waiving any previous objections to the Special Master's prior rulings, that Exhibits A, B, and C set forth:  (1) any agreed-upon corrections to Ms. Arroyo's damages calculations since the Special Master resolved her Revised Demand, and (2) Ms. Arroyo's accrual of damages through her actual date of judgment.

[17] This section details the Special Master's findings of fact for Ms. Arroyo as of February 14, 2019, the date the Special Master resolved Ms. Arroyo's Revised Demand.

[18] *See* R. Arroyo Demand.

[19] *See* Letter from BOE Office of Recruitment, Personnel Assessment and Licensing to R. Arroyo, dated May 8, 1997, bates numbered 1007334 PERS0136, attached as Exhibit H.

        ("LAST").[20] Ms. Arroyo failed the LAST twenty-eight more times from October 1997 through October 2004.[21]

4. Since Ms. Arroyo was unable to pass the LAST, the BOE did not hire her for a regularly appointed teacher position.[22]

5. In February 2001, the BOE hired Ms. Arroyo as a Preparatory Provisional Teacher ("PPT") under a six-month temporary license issued by the New York State Education Department ("SED").[23]

6. PPTs were full-time classroom teachers who had not fulfilled all of the requirements for SED certification. They were hired to fill vacancies in schools where no certified teacher was available. PPTs were required to be nominated by principals and approved by superintendents, receive satisfactory evaluations, and make demonstrated progress toward completion of SED certification requirements to renew their PPT certificates each year. Many PPTs taught the same students as regularly appointed teachers and the same subjects for years. PPTs earned the same salaries as regularly appointed teachers with the same years of service until they reached salary-step 4A. PPTs could not advance beyond salary-step 4A. PPTs with more than twelve months of BOE teaching experience after achieving salary-step 4A earned lower salaries than regularly appointed teachers with the same years of credited service. PPTs did not receive the same benefits as regularly appointed teachers.[24]

7. As a PPT, Ms. Arroyo renewed her temporary license two times[25] and taught full time for the BOE as a PPT for approximately two years.[26]

8. In September 2003, the BOE terminated Ms. Arroyo from her PPT position because she had not passed the LAST.[27]

9. After the BOE terminated Ms. Arroyo, she worked outside the BOE.[28]

---

[20] *See* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.

[21] *See id.*

[22] *See* Reyna Arroyo BOE Service History from NYCAPS, bates numbered DR4732, attached as Exhibit I ("R. Arroyo BOE Service History").

[23] *See id.*; New York State Education Department, Teacher Certification Lookup, Reyna Arroyo, attached as Exhibit J ("R. Arroyo SED Lookup").

[24] *See* Stipulation of Classwide Facts & Procedures § B(1), [ECF No. 1009].

[25] *See* R. Arroyo SED Lookup.

[26] *See* R. Arroyo BOE Service History.

[27] *See id.*

[28] *See id.*

10. On February 26, 2005, Ms. Arroyo passed the LAST on her thirtieth attempt.[29] By that point in time, however, the BOE's hiring requirements had changed and the BOE still did not hire Ms. Arroyo for a regularly appointed teacher position.[30]

11. In September 2005, the BOE hired Ms. Arroyo as a regularly appointed teacher.[31]

12. In May 2018, the BOE terminated Ms. Arroyo from her regularly appointed teacher position for reasons unrelated to the LAST.[32]

B. Class Membership

1. Ms. Arroyo is a Latina woman who was employed as a New York City public school teacher by the BOE, after June 29, 1995, who failed to achieve a qualifying score on an administration of the LAST, and as a result was denied a permanent teaching appointment.

2. Ms. Arroyo submitted a claim form in this case and is a member of the Plaintiff class.

3. Accordingly, Ms. Arroyo is entitled to monetary relief from the BOE as compensation for the injuries she suffered as a result of the BOE's discrimination.[33]

C. Calculation of Backpay

The series of collective bargaining agreements between the BOE and the United Federation of Teachers ("UFT") that govern the salary and benefits for New York City public school teachers (collectively, the "CBA") provide that regularly appointed teachers with different educational credentials are paid at different levels.[34] The CBA also provides that a regularly appointed teacher's salary increases at regular intervals according to the CBA salary table, which also provides for various longevity bonuses and other incentives.

---

[29] *See* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.

[30] *See* R. Arroyo BOE Service History.

[31] *See id.*

[32] *See id.*

[33] *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 321]; *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 386].

[34] *See, e.g.*, Appendix A to October 16, 1995-November 15, 2000 Collective Bargaining Agreement, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

Based on the tables in the CBA and the evidence presented, determining what Ms. Arroyo's salary would have been absent the BOE's discrimination depends on this Court's determination of when she would have been appointed as a regularly appointed teacher for the BOE, how long she would have worked as a regularly appointed teacher, and the educational advancement she would have achieved absent the discrimination.[35]

1. *Appointment Date/Beginning of Damages Accrual Period*

    a) Based on the evidence presented, which includes a statistical analysis by the parties' experts of appointment-date data for similarly situated non-class comparator teachers, the Court finds that it would have taken Ms. Arroyo eighteen months after first failing the LAST to achieve a regularly appointed teacher position. Eighteen months after Ms. Arroyo first failed the LAST is August 1998. Accordingly, the Court finds that absent the BOE's discrimination, Ms. Arroyo would have been appointed as a regularly appointed teacher in August 1998 (her "Counterfactual Appointment Date").

    b) Based on Ms. Arroyo's Counterfactual Appointment Date, the Court finds that Ms. Arroyo is eligible to accrue backpay damages beginning in August 1998.

2. *Salary-Step Advancement Dates*

    a) Defendant consents to, and the Court adopts, the following findings regarding Ms. Arroyo's counterfactual salary-step advancement dates: (1) absent the BOE's discrimination, Ms. Arroyo would have been placed at salary-step level 6A, as set forth in the CBA, in August 1998; and (2) absent the BOE's discrimination, Ms. Arroyo would have advanced a half-step every six months thereafter until she reached salary-step level 8B.

    b) Defendant also consents to, and the Court adopts, the finding that absent the BOE's discrimination, Ms. Arroyo would have been eligible for longevity bonuses pursuant to the CBA based on her years of counterfactual service.[36] These longevity bonuses are factored into Ms. Arroyo's Counterfactual Monthly Earnings on Exhibit A.

---

[35] *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414 at 10, [ECF No. 800] (adopting the Special Master's June 13, 2016 Interim Report and Recommendation, at 11, [ECF No. 777]); *see*, *e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

[36] *See, e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

6

    3.    *Educational Advancement*

        a)    The CBA provides that a regularly appointed teacher's salary increases when a regularly appointed teacher achieves certain educational milestones beyond a bachelor's degree.[37] The CBA provides that a regularly appointed teacher qualifies for a First Differential ("C2") when he or she holds a bachelor's degree and has satisfactorily completed thirty semester hours of approved credits in college or university study beyond his or her bachelor's degree.[38] The CBA provides that a regularly appointed teacher qualifies for a C2 differential and a Promotional Differential ("PD") if he or she holds an approved Master's degree.[39] The CBA also provides that a regularly appointed teacher qualifies for an Intermediate Differential ("ID") if he or she holds an approved bachelor's degree and has satisfactorily completed sixty semester hours of approved credits in college or university study beyond his or her bachelor's degree.[40] Finally, the CBA provides that a regularly appointed teacher qualifies for a Second Differential ("C6") if he or she holds an approved Master's degree and has satisfactorily completed thirty semester hours of approved credits in college or university study in addition to those required for his or her Master's degree.[41] A C2 differential is known as a PA salary differential. A combination of a C2 differential and a PD differential is known as an RA salary differential. A combination of a C2 differential, a PD differential, and an ID differential is known as an SA salary differential. A combination of a C2 differential, a PD differential, and a C6 differential is known as a UA salary differential.

        b)    The Court previously found that the employment decisions made by the BOE based on the passing of the LAST were in violation of Title VII. As a consequence, the BOE violated Title VII. The use of the LAST to make employment decisions concerning class members' career progressions unlawfully disrupted those class members' careers and career progressions. Because non-regularly

---

[37] *See, e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

[38] *See, e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

[39] *See, e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

[40] *See, e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

[41] *See, e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

|   |    |    |
|---|----|----|
|   |    | appointed teachers did not have the same ability to progress through the CBA salary tables as regularly appointed teachers, non-regularly appointed teachers did not have the same incentives to complete post-undergraduate education as regularly appointed teachers. Accordingly, the Court previously found that, absent any evidence to the contrary, the starting point for a class member's counterfactual educational advancement will be based on the actual educational advancement of similarly situated non-class comparators.[42] |
|   | c) | Included in the harm to Ms. Arroyo caused by the BOE's reliance on the LAST, was the disruption of Ms. Arroyo's educational advancement. Ms. Arroyo's Revised Demand accounted for the probability of Ms. Arroyo's counterfactual educational advancement after she first failed the LAST. |
|   | d) | Based on the evidence presented, which includes a statistical analysis by the parties' experts of educational-advancement data for non-class comparator teachers who were not adversely affected by the LAST, the Court finds that Ms. Arroyo would have achieved an RA salary differential in February 2001 had she not been discriminated against by the BOE. |
|   | e) | The BOE hired Ms. Arroyo as a regularly appointed teacher in September 2005.[43] Since Ms. Arroyo's appointment in September 2005, Ms. Arroyo has not achieved educational advancement beyond RA. |
|   | f) | Based on the evidence presented, the Court finds that, absent the BOE's discrimination, Ms. Arroyo would not have advanced beyond RA. Accordingly, the Court finds that Ms. Arroyo's backpay damages shall be calculated using her actual educational advancement. |
| 4. | *Backpay Damages End Date* | |
|   | a) | Pursuant to the Court's prior rulings, Ms. Arroyo is entitled to backpay damages until May 30, 2018, when she was terminated by the BOE for reasons unrelated to the LAST. Ms. Arroyo was employed by the BOE as a regularly appointed teacher until May 30, 2018.[44] This serves as *prima facie* evidence that Ms. Arroyo would have worked as a regularly appointed teacher from her |

---

[42] *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414 at 10, [ECF No. 800].

[43] *See* R. Arroyo BOE Service History.

[44] *See id.*

8

    Counterfactual Appointment Date until May 30, 2018 (her "Counterfactual End Date") absent the BOE's discrimination.

  b) Beginning in February 2017, Ms. Arroyo's monthly mitigation earnings as a regularly appointed teacher, as described below in Section II(C)(7), equals her monthly counterfactual earnings as a regularly appointed teacher.

  c) The BOE did not contend and did not submit any evidence that Ms. Arroyo would have left the BOE for any period of time prior to February 2017 absent the BOE's discrimination.

  d) Accordingly, based on the evidence presented, the Court finds that Ms. Arroyo's backpay damages end date should be February 1, 2017 (her "Damages End Date"), that Ms. Arroyo's backpay damages should not be reduced by a probability of pre-retirement attrition, and that Ms. Arroyo should receive full backpay damages until her Damages End Date.

5. *Counterfactual Earnings & Additional Earnings*

  a) Based on the evidence presented and the Court's findings of: Counterfactual Appointment Date; salary-step advancement dates; educational advancement; and Damages End Date, the Court finds that absent the BOE's requirement that its teachers pass the LAST to be eligible to be regularly appointed teachers, Ms. Arroyo's monthly earnings as a regularly appointed teacher would have been as listed in the column entitled Counterfactual Monthly Earnings on Exhibit A.

  b) Based on the evidence presented, the Court finds that absent the BOE's requirement that its teachers pass the LAST to be eligible to work in various job titles, Ms. Arroyo would have earned the following amounts in the following years in addition to the base salary set forth in the CBA ("Additional Earnings"):[45]

| YEAR | INCOME |
|------|--------|
| 2003 | $1,309 |
| 2004 | $1,616 |

---

[45] These Additional Earnings derive from the average additional compensation regularly appointed BOE teachers earned during the damages period. *See* Stipulated Exhibit H, Classwide Exhibits at GULEX 1100.000003; *see also* Stipulated Exhibit AD, Classwide Exhibits at GULEX 1100.000005. Additional Earnings are applied on a pro rata basis for the time periods when Ms. Arroyo was not employed by the BOE and her Social Security earnings are used to calculate her monthly mitigation, as detailed in Section II(C)(7) herein.

9

| | |
|---|---|
| 2005 | $1,493 |

6. *Cumulative Absence Reserve ("CAR") Payouts* — The parties stipulate, without waiving any previous objections to the Special Master's prior rulings, that any payments Ms. Arroyo received from the BOE for her accumulated CAR days after she separated from BOE service as a result of the BOE's discrimination ("CAR Payouts") should not be included in Ms. Arroyo's mitigation earnings.[46]

7. *Mitigation*

   a) Defendant does not contest Ms. Arroyo's mitigation efforts from her Counterfactual Appointment Date through her Damages End Date.

   b) The Court finds that Ms. Arroyo's mitigation earnings from her Counterfactual Appointment Date through August 2004 and from January 2005 through her Damages End Date are computed as follows:

   (1) For the months she was employed as a full-time BOE teacher, Ms. Arroyo's actual monthly mitigation is equal to her actual monthly BOE salary during those months.

   (2) For the months that she was not employed full time by the BOE, Ms. Arroyo's actual monthly mitigation is equal to her yearly Social Security earnings less the yearly Additional Earnings and CAR Payouts, evenly distributed over the months in the relevant year that she was not employed full time by the BOE.

   c) The parties have stipulated that Ms. Arroyo's mitigation earnings from September 2004 through December 2004 are $1,725/month.[47]

   d) Based on the evidence presented and the parties' stipulation, the Court finds that Ms. Arroyo's monthly mitigation during each month of the damages period, which are deducted from each month's counterfactual earnings, was as listed in the column entitled Monthly Mitigation on Exhibit A.

8. *Backpay Damages* — Based on the evidence presented and the Court's findings of: Counterfactual Appointment Date; salary-step advancement dates; educational advancement; Damages End Date; counterfactual

---

[46] *See* February 21, 2018 Special Master Conference Summary, Classwide Exhibits at GULCS 000393-403.

[47] *See* February 15, 2017 Special Master Conference Summary, Classwide Exhibits at GULCS 000132-40; *see also* Stipulation of Classwide Facts & Procedures § G(2), [ECF No. 1009].

earnings; and mitigation, the Court finds that Ms. Arroyo is entitled to the monthly backpay damages listed in the column entitled Monthly Damages on Exhibit A.

D.  Other Compensable Amounts

*LAST fees* — Ms. Arroyo took the LAST thirty times and paid the following amounts to take the LAST on the following dates:[48]

1. $70 on February 1, 1997;
2. $70 on October 18, 1997;
3. $90 on July 18, 1998;
4. $70 on October 24, 1998;
5. $70 on January 16, 1999;
6. $70 on April 17, 1999;
7. $70 on October 30, 1999;
8. $70 on January 22, 2000;
9. $70 on April 15, 2000;
10. $90 on July 15, 2000;
11. $70 on October 21, 2000;
12. $70 on January 20, 2001;
13. $70 on April 21, 2001;
14. $90 on July 14, 2001;
15. $70 on December 8, 2001;
16. $70 on March 2, 2002;
17. $70 on May 11, 2002;
18. $90 on July 20, 2002;
19. $70 on September 28, 2002;

---

[48] *See* Stipulated Exhibit FF, Classwide Exhibits at GULEX 1500.000001-63; *see also* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.

20. $70 on December 7, 2002;

21. $70 on March 1, 2003;

22. $90 on July 19, 2003;

23. $70 on September 20, 2003;

24. $70 on January 10, 2004;

25. $70 on March 27, 2004;

26. $70 on April 24, 2004;

27. $70 on May 22, 2004;

28. $70 on June 26, 2004;

29. $88 on October 23, 2004; and

30. $88 on February 26, 2005.

Ms. Arroyo is entitled to $2,236 to compensate her for the fees she paid to take the LAST.[49]

E. Pension Damages

*Counterfactual Pension Damages Input* — Based on the evidence presented, and pursuant to the procedures set forth in the Pension Stipulation & Order, the Court finds that the following information regarding Ms. Arroyo should be imported into the Teachers' Retirement System of the City of New York ("TRS"):

1. Date of Birth — ▮▮▮▮▮▮, 1958

2. Gender — Female

3. Address — ▮▮▮▮▮▮▮▮▮▮, Teaneck, NJ 07666

4. Counterfactual date of appointment as a regularly appointed teacher — August 1, 1998

5. BOE Employment Title — As listed in column entitled Title on Exhibit B

6. Annual contractual salary — As listed in column entitled Annual Salary on Exhibit B

---

[49] *See* Stipulated Exhibit FF, Classwide Exhibits at GULEX 1500.000001-63; *see also* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.

12

       7.    <u>Monthly contractual salary</u> — As listed in column entitled Counterfactual Monthly Earnings on Exhibit A

       8.    <u>Dates of breaks in service (if any)</u> — N/A

       9.    <u>Termination of regularly appointed teacher service (if any)</u> — May 30, 2018

      10.    <u>Retirement date (if any)</u> — N/A

F.    <u>ASAF Damages</u>

Based on the evidence presented and the Court's findings of: Counterfactual Appointment Date; salary-step advancement dates; and Counterfactual End Date, the Court finds that Ms. Arroyo is entitled to $1,833 in ASAF damages.

G.    <u>Retroactive Seniority Adjustment</u>

    1.    The Court finds, and Defendant does not object to the finding, that Ms. Arroyo was denied seniority as a result of the BOE's discrimination.[50] Accordingly, the Court finds that Ms. Arroyo is entitled to the seniority she was denied from her Counterfactual Appointment Date through her Damages End Date ("Retroactive Seniority").

    2.    The Court finds that Ms. Arroyo is entitled to the following adjustments in the BOE's records to reflect her Retroactive Seniority:

        a)    *Health Insurance Eligibility* — Upon Ms. Arroyo's retirement from TRS, Ms. Arroyo will receive the post-retirement health insurance coverage, if any, that may be available to similarly situated members of TRS with the same increment of credited service who retire from TRS on the same date as Ms. Arroyo, pursuant to § 12-126 of the New York City Administrative Code or any other statute, rule, policy, or practice effective at such time with respect to post-retirement health insurance coverage.[51] This relief is subject to future legislative action with respect to § 12-126 of the New York City Administrative Code, as well as any other

---

[50] *See* January 24, 2018 Special Master Conference Summary, Classwide Exhibits at GULCS 000380-387 ("The parties stated that they agree claimants will receive retroactive seniority with respect to salary-step advancement, longevity bonuses, accrual of years of service for pension, post-retirement health care benefits, accrual of CAR days, sabbatical leave rights, restoration of health leave rights, and hardship transfers.").

[51] This relief will apply in the same manner described in this paragraph if, following entry of this judgment, Ms. Arroyo transfers her credited service from TRS to the Board of Education Retirement System of the City of New York ("BERS") or the New York City Employee Retirement System ("NYCERS") and subsequently retires from BERS or NYCERS.

> valid change that may later be made to the post-retirement health insurance coverage for such similarly situated members.
>
> b) *CAR Days* — Ms. Arroyo should receive $1,558 in monetary damages for the CAR days she would have accrued as a regularly appointed BOE teacher during her counterfactual service period.

H. <u>Tax-Component</u>

The parties stipulate, without waiving any previous objections to the Special Master's prior rulings, that Ms. Arroyo is entitled to a tax-component award in the amount of $20,987.

Dated: October 18, 2019
New York, New York