UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ELSA GULINO, MAYLING RALPH, PETER WILDS,
and NIA GREENE, on behalf of themselves and all others
similarly situated,

                              Plaintiffs,

                   - against -

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

                             Defendant.

------------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

96 Civ. 8414 (KMW)

~~[PROPOSED]~~
**JUDGMENT**
**FOR**
**CARLOS**
**FERREIRO**

WHEREAS, the Court certified a remedy-phase class of Plaintiffs (*See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, No. 96-cv-8414, [ECF No. 386]), and Carlos Ferreiro ("Claimant") is a member of that class and submitted an individual demand for damages on August 8, 2019;

WHEREAS, the Court appointed a Special Master (*See* May 20, 2014 Order of Appointment, [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment, [ECF No. 524]) to hear, among other things, demands for damages;

WHEREAS, the Special Master held a hearing on December 5, 2019, with respect to Mr. Ferreiro's demand for damages and Defendant's objections;

WHEREAS, the Special Master made, and the Court adopted, Classwide Conclusions of Law, [ECF Nos. 999, 1008];

WHEREAS, the Board of Education of the City School District of the City of New York ("BOE") and Plaintiffs entered into, and the Court so ordered, a Stipulation of Classwide Facts & Procedures, [ECF No. 1009];

WHEREAS, the BOE and Plaintiffs entered into, and the Court so ordered, a Fourth Supplemental Stipulation Concerning Admissibility of Exhibits, which attached a Fourth Supplemental Index of Exhibits (collectively referred to as the "Classwide Exhibits") filed with the Court, [ECF No. 4645];

WHEREAS, the Special Master made Findings of Fact and Conclusions of Law for Carlos Ferreiro, annexed hereto as Exhibit 1, that he recommended the Court adopt;

WHEREAS, the Special Master recommended, and the parties agreed with the Special Master's recommendation, that the Court certify this judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b);

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the annexed Findings of Fact and Conclusions of Law for Carlos Ferreiro (Exhibit 1) are adopted;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Ferreiro will have judgment against the BOE as follows:

1. Backpay in the amount of $384,454;

2. Tax-component award in the amount of $45,173;

3. LAST Fees in the amount of $690;

4. ASAF account award in the amount of $2,761;

5. CAR Day award in the amount of $7,616;

6. Pre-judgment interest calculated to be $63,428; and

7. Pension-related relief pursuant to the terms of the Court's Order dated December 17, 2018 (Pension Stipulation & Order, [ECF No. 1014]).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Ferreiro will be entitled to the following non-monetary relief:

1. The BOE is ordered to amend its internal service, salary, payroll, and human resources systems as follows:

   a. Incorporate the findings of fact contained in the "Pension Damages" section, Section II(E) of Exhibit 1;

   b. Incorporate Mr. Ferreiro's counterfactual monthly service history, as listed on Exhibit B to the Findings of Fact and Conclusions of Law for Carlos Ferreiro; and

   c. Incorporate the findings of fact contained in the "Retroactive Seniority Adjustment" section, Section II(G) of Exhibit 1.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the Special Master's recommendation that this judgment be certified as final and appealable pursuant to Federal Rule of Civil Procedure 54(b) and expressly determines that there is no just reason for delay for the reasons stated in the Special Master's Report and Recommendation.

This Judgment Entry is certified and entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: <u>4/30/20</u>                    ENTERED:


                                         /s/ Kimba M. Wood
                                         _____

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ELSA GULINO, MAYLING RALPH, PETER WILDS,      :
and NIA GREENE, on behalf of themselves and all others      :
similarly situated,      :      96 Civ. 8414 (KMW)
      :
                          Plaintiffs,      :
      :
            - against -      :
      :
THE BOARD OF EDUCATION OF THE CITY SCHOOL      :
DISTRICT OF THE CITY OF NEW YORK,      :
      :
                          Defendant.      :
------------------------------------------------------------------ x

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR
## CARLOS FERREIRO

## I.      PROCEDURAL HISTORY — CARLOS FERREIRO

A.      As contemplated by the scheduling order in this case, on August 8, 2019,
Plaintiffs' counsel ("Plaintiffs") submitted Carlos Ferreiro's demand for damages
(the "Demand") to the Board of Education of the City School District of the City
of New York ("BOE" or "Defendant").[1]  The Demand articulated the evidentiary
basis for Mr. Ferreiro's backpay damages, with and without interest; Mr.
Ferreiro's LAST-fee damages, with and without interest; Mr. Ferreiro's Annuity
Savings Accumulation Fund ("ASAF") damages; Mr. Ferreiro's tax-component
award; and Mr. Ferreiro's Cumulative Absence Reserve ("CAR") day damages.[2]
The Court has previously found, and Defendant has not objected to the finding,
that class members are entitled to pension-related relief based on their
counterfactual service and salary histories, as determined pursuant to the
procedures set forth in the Pension Stipulation & Order.[3]  Because pension-related
relief is determined pursuant to the Pension Stipulation & Order, the Demand did
not detail the scope or the amounts of Mr. Ferreiro's pension-related relief.

---

[1] Carlos Ferreiro Individual Pre-Hearing Damages Chart, dated August 8, 2019, attached as Exhibit D ("C. Ferreiro Demand").

[2] *Id.*

[3] *See* Classwide Conclusions of Law, [ECF No. 1008]; *see also* Pension Stipulation & Order, [ECF No. 1014]; *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 800] ("[T]he parties agree that class members are entitled to the lost pensions they would have received absent the discriminatory LAST.").

1

B.     Mr. Ferreiro's Demand sought to modify the Court-ordered backpay damages model by:

    1.     Removing pre-retirement attrition probabilities from Mr. Ferreiro's backpay computation and awarding him full backpay damages until November 2012;

    2.     Applying stipulated mitigation amounts from June 2002 through December 2002 and from January 2008 through November 2012; and

    3.     Modifying Mr. Ferreiro's counterfactual end date.[4]

C.     In total, Mr. Ferreiro's Demand sought $614,103 in monetary damages, as of his presumed date of judgment of December 31, 2019.[5]  The Demand noted that Mr. Ferreiro's total monetary relief is subject to change based on Mr. Ferreiro's actual date of judgment.[6]

D.     On August 22, 2019, Defendant responded to Mr. Ferreiro's Demand (the "Response").[7]  Defendant objected that pre-retirement attrition probabilities should apply beginning in June 2003.[8]

E.     On September 19, 2019, Plaintiffs produced: (1) an affidavit from Mr. Ferreiro describing his career subsequent to the BOE's discrimination; and (2) documents demonstrating Mr. Ferreiro's attempts to become a full-time teacher in Florida.[9]

F.     The parties subsequently resolved Defendant's objection by agreeing to apply pre-retirement attrition probabilities beginning in September 2003.[10]

G.     On October 18, 2019, Plaintiffs submitted Mr. Ferreiro's revised demand for damages (the "Revised Demand").[11]  Mr. Ferreiro's Revised Demand incorporated the parties' resolution of Defendant's objection.[12]  The parties' experts subsequently conferred regarding Mr. Ferreiro's Revised Demand and

---

[4] *See* C. Ferreiro Demand.

[5] *See id.*

[6] *See id.*

[7] Def.'s Responses & Objections to C. Ferreiro Demand, attached as Exhibit E ("Def.'s Response").

[8] *See id.*

[9] *See* Letter and attachment from S. Navarrete to W. Fraenkel, re: Gulino v. Board of Education, 1:96-cv-08414, dated September 19, 2019, attached as Exhibit F ("Pls.'s Discovery Responses").

[10] *See* Carlos Ferreiro Individual Final Damages Demand Chart, attached as Exhibit G ("C. Ferreiro Final Demand").

[11] *See* Letter and attachment from S. Roe to W. Fraenkel, re: Gulino v. Board of Education, 1:96-cv-08414, dated October 18, 2019, attached as Exhibit H ("C. Ferreiro Revised Demand").

[12] *See id.*

agreed that, based upon the Special Master's prior rulings, Mr. Ferreiro's total
damages were $502,102 as of his presumed date of judgment.[13]

H.   During a conference held by the Special Master on December 5, 2019, Defendant
did not request a hearing and did not contest Mr. Ferreiro's credibility.[14]

I.   Accordingly, the Special Master ruled that Mr. Ferreiro satisfied his burden of
proving that $502,102 is the appropriate total damages amount based on the
evidence presented, as of his presumed date of judgment.[15]  Mr. Ferreiro's
monetary damages continue to accrue through Mr. Ferreiro's actual date of
judgment.[16]

## II.   FINDINGS OF FACT — CARLOS FERREIRO[17]

A.   <u>Background</u>

1.   Carlos Ferreiro is a Latino man who was born on November 5, 1950.[18]

2.   Mr. Ferreiro was employed by the BOE as a teacher after June 29, 1995.[19]

---

[13] *See* C. Ferreiro Final Demand.

[14] *See* December 5, 2019 Special Master Conference Summary, Classwide Exhibits referenced in the so-ordered Fourth Supplemental Stipulation Concerning Admissibility of Exhibits (the "Classwide Exhibits") at GULCS 000881-886, [ECF No. 4645].

[15] *See id.*; *see also* C. Ferreiro Final Demand.

[16] The parties stipulate, without waiving any previous objections to the Special Master's prior rulings, that Exhibits A, B, and C set forth:  (1) any agreed-upon corrections to Mr. Ferreiro's damages calculations since the Special Master resolved his Revised Demand, and (2) Mr. Ferreiro's accrual of damages through his actual date of judgment.

[17] This section details the Special Master's findings of fact for Mr. Ferreiro as of December 5, 2019, the date the Special Master resolved Mr. Ferreiro's Revised Demand.

[18] *See* C. Ferreiro Demand.

[19] *See* Stipulated Exhibit E, Classwide Exhibits at GULEX 1100.000001; Stipulated Exhibit F, Classwide Exhibits at GULEX 1100.000002; Stipulated Exhibit G, Classwide Exhibits at GULEX 1200.000001; Stipulated Exhibit J, Classwide Exhibits at GULEX 1200.000002; Stipulated Exhibit K, Classwide Exhibits at GULEX 1200.000003; Stipulated Exhibit L, Classwide Exhibits at GULEX 1200.000004; Stipulated Exhibit R, Classwide Exhibits at GULEX 1200.000005; Stipulated Exhibit S, Classwide Exhibits at GULEX 1200.000006; Stipulated Exhibit AE, Classwide Exhibits at GULEX 1100.000006; Stipulated Exhibit AF, Classwide Exhibits at GULEX 1200.000013; Stipulated Exhibit AG, Classwide Exhibits at GULEX 1100.000007; Stipulated Exhibit AH, Classwide Exhibits at GULEX 1300.000015; Stipulated Exhibit AK, Classwide Exhibits at GULEX 1100.000008; Stipulated Exhibit AL, Classwide Exhibits at GULEX 1100.000009; Stipulated Exhibit AM, Classwide Exhibits at GULEX 1100.000010; Stipulated Exhibit AN, Classwide Exhibits at GULEX 1100.000011; Stipulated Exhibit AP, Classwide Exhibits at GULEX 1300.000016; Stipulated Exhibit AQ, Classwide Exhibits at GULEX 1100.000013; Stipulated Exhibit AR, Classwide Exhibits at GULEX 1100.000014; Stipulated Exhibit AS, Classwide Exhibits at GULEX 1100.000015; Stipulated Exhibit AT, Classwide Exhibits at GULEX 1100.000016; Stipulated Exhibit AU, Classwide Exhibits at GULEX 1300.000017; Stipulated Exhibit AX, Classwide Exhibits at GULEX 1100.000017; Stipulated Exhibit AV, Classwide Exhibits at GULEX 1200.000014; Stipulated Exhibit AW, Classwide Exhibits at GULEX 1200.000015; Stipulated Exhibit AY, Classwide Exhibits at GULEX 1100.000018; Stipulated Exhibit AZ, Classwide Exhibits at GULEX 1100.000019; Stipulated Exhibit BA, Classwide Exhibits at GULEX 1100.000020; Stipulated Exhibit BC,

3.      Mr. Ferreiro failed the Liberal Arts and Sciences Test ("LAST").[20]

4.      Because Mr. Ferreiro failed the LAST, the BOE did not hire him for a regularly appointed teacher position.[21]

B.    Class Membership

1.      Mr. Ferreiro is a Latino man who was employed as a New York City public school teacher by the BOE, after June 29, 1995, who failed to achieve a qualifying score on an administration of the LAST, and as a result was denied a permanent teaching appointment.

2.      Mr. Ferreiro submitted a claim form in this case and is a member of the Plaintiff class.

3.      Accordingly, Mr. Ferreiro is entitled to monetary relief from the BOE as compensation for the injuries he suffered as a result of the BOE's discrimination.[22]

C.    Calculation of Backpay

The series of collective bargaining agreements between the BOE and the United Federation of Teachers ("UFT") that govern the salary and benefits for New York City public school teachers (collectively, the "CBA") provide that regularly appointed teachers with different educational credentials are paid at

---

Classwide Exhibits at GULEX 1100.000021; Stipulated Exhibit BD, Classwide Exhibits at GULEX 1200.000016; Stipulated Exhibit BE, Classwide Exhibits at GULEX 1300.000018; Stipulated Exhibit BF, Classwide Exhibits at GULEX 1100.000022; Stipulated Exhibit BG, Classwide Exhibits at GULEX 1100.000023; Stipulated Exhibit BH, Classwide Exhibits at GULEX 1200.000017; Stipulated Exhibit BI, Classwide Exhibits at GULEX 1100.000024; Stipulated Exhibit BJ, Classwide Exhibits at GULEX 1300.000019; Stipulated Exhibit BS, Classwide Exhibits at GULEX 1200.000018; Stipulated Exhibit BT, Classwide Exhibits at GULEX 1200.000019; Stipulated Exhibit BU, Classwide Exhibits at GULEX 1100.000025; Stipulated Exhibit BV, Classwide Exhibits at GULEX 1100.000026; Stipulated Exhibit BW, Classwide Exhibits at GULEX 1100.000027; Stipulated Exhibit BX, Classwide Exhibits at GULEX 1300.000020; Stipulated Exhibit BY, Classwide Exhibits at GULEX 1200.000020; Stipulated Exhibit BZ, Classwide Exhibits at GULEX 1100.000028; Stipulated Exhibit CA, Classwide Exhibits at GULEX 1100.000029; Stipulated Exhibit CB, Classwide Exhibits at GULEX 1200.000021; Stipulated Exhibit CD, Classwide Exhibits at GULEX 1300.000021; Stipulated Exhibit CE, Classwide Exhibits at GULEX 1100.000030; Stipulated Exhibit CF, Classwide Exhibits at GULEX 1200.000022; Stipulated Exhibit CG, Classwide Exhibits at GULEX 1300.000022; Stipulated Exhibit CH, Classwide Exhibits at GULEX 1200.000023; Stipulated Exhibit UU, Classwide Exhibits at GULEX 1200.000007; Stipulated Exhibit VV, Classwide Exhibits at GULEX 1200.000008; Stipulated Exhibit WW, Classwide Exhibits at GULEX 1200.000009; Stipulated Exhibit XX, Classwide Exhibits at GULEX 1200.000010; Stipulated Exhibit YY, Classwide Exhibits at GULEX 1200.000011; Stipulated Exhibit ZZ, Classwide Exhibits at GULEX 1200.000012 (collectively, "BOE Payroll and Service Data").

[20] *See* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.

[21] *See* BOE Payroll and Service Data.

[22] *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 321]; *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 386].

different levels.[23]  The CBA also provides that a regularly appointed teacher's salary increases at regular intervals according to the CBA salary table, which also provides for various longevity bonuses and other incentives.

Based on the tables in the CBA and the evidence presented, determining what Mr. Ferreiro's salary would have been absent the BOE's discrimination depends on this Court's determination of when he would have been appointed as a regularly appointed teacher for the BOE, how long he would have worked as a regularly appointed teacher, and the educational advancement he would have achieved absent the discrimination.[24]

1. *Counterfactual Appointment Date/Beginning of Damages Accrual Period*

a) The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that:

(1) Absent the BOE's discrimination, Mr. Ferreiro would have been appointed as a regularly appointed teacher in November 1998; and

(2) Mr. Ferreiro is eligible to accrue backpay damages beginning in November 1998.

b) Based on the evidence presented and the parties' agreement, the Court finds that Mr. Ferreiro's counterfactual appointment date is November 1998, and Mr. Ferreiro is eligible to accrue backpay damages beginning in November 1998.

2. *Counterfactual Salary-Step Advancement*

a) The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that:

(1) Mr. Ferreiro's Counterfactual Monthly Earnings on Exhibit A accurately reflect what Mr. Ferreiro's salary-step advancement would have been, pursuant to the CBA, absent the BOE's discrimination; and

(2) Mr. Ferreiro's Counterfactual Monthly Earnings on Exhibit A accurately reflect the longevity bonuses to which Mr.

[23] *See, e.g.*, Appendix A to October 16, 1995-November 15, 2000 Collective Bargaining Agreement, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

[24] *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414 at 10, [ECF No. 800] (adopting the Special Master's June 13, 2016 Interim Report and Recommendation, at 11, [ECF No. 777]); *see, e.g.*, Stipulated Exhibit T, Classwide Exhibits at GULEX 1600.000193-200; Stipulated Exhibit U, Classwide Exhibits at GULEX 1300.000006-13.

Ferreiro would have been entitled, pursuant to the CBA, absent the BOE's discrimination.

b) Based on the evidence presented and the parties' agreement, the Court finds that Mr. Ferreiro's Counterfactual Monthly Earnings on Exhibit A accurately reflect Mr. Ferreiro's counterfactual salary-step advancement and counterfactual longevity bonuses.

3. *Counterfactual Educational Advancement*

a) The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that Mr. Ferreiro's Counterfactual Monthly Earnings on Exhibit A accurately reflect the educational advancement Mr. Ferreiro would have achieved absent the BOE's discrimination.

b) Based on the evidence presented and the parties' agreement, the Court finds that Mr. Ferreiro's Counterfactual Monthly Earnings on Exhibit A accurately reflect Mr. Ferreiro's counterfactual educational advancement.

4. *Backpay Damages End Date*

a) The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that:

(1) There is a probability that Mr. Ferreiro would have left his BOE teacher position subsequent to his counterfactual appointment;

(2) Mr. Ferreiro's backpay damages should be reduced by a probability of pre-retirement attrition beginning September 2003; and

(3) Mr. Ferreiro's counterfactual service history ends on November 1, 2012.

b) Based on the evidence presented and the parties' agreement, the Court finds that there is a probability that Mr. Ferreiro would have left his BOE teacher position subsequent to his counterfactual appointment, Mr. Ferreiro's backpay damages should be reduced by a probability of pre-retirement attrition beginning in September 2003, and Mr. Ferreiro's counterfactual service history ends on November 1, 2012.

5.      *Counterfactual Earnings*

a)      The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that Mr. Ferreiro's monthly BOE earnings as a regularly appointed teacher, absent the BOE's discrimination, would have been as listed in the column entitled Counterfactual Monthly Earnings on Exhibit A.

b)      Based on the evidence presented and the parties' agreement, the Court finds that, absent the BOE's discrimination, Mr. Ferreiro's counterfactual BOE earnings would have been as listed in Counterfactual Monthly Earnings on Exhibit A.  The Court also finds that Mr. Ferreiro's counterfactual annual BOE salary would have been as listed in the column entitled Annual Salary on Exhibit B.

6.      *Additional Earnings*

a)      The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that absent the BOE's requirement that its teachers pass the LAST to be eligible to work in various job titles, Mr. Ferreiro would have earned monetary compensation in addition to the base salary set forth in the CBA ("Additional Earnings").[25]

b)      Based on the evidence presented and the parties' agreement, the Court finds that, absent the BOE's discrimination, Mr. Ferreiro's Additional Earnings are accurately accounted for in the calculation of his Monthly Mitigation on Exhibit A.[26]

7.      *Cumulative Absence Reserve ("CAR") Payouts* — The parties stipulate, without waiving any previous objections to the Special Master's prior rulings, and the Court finds, that any payments Mr. Ferreiro received from the BOE for his accumulated CAR days after he separated from BOE service as a result of the BOE's discrimination ("CAR Payouts") should not be included in Mr. Ferreiro's mitigation earnings.[27]

---

[25] These Additional Earnings derive from the average additional compensation regularly appointed BOE teachers earned during the damages period.  *See* Stipulated Exhibit H, Classwide Exhibits at GULEX 1100.000003; *see also* Stipulated Exhibit AD, Classwide Exhibits at GULEX 1100.000005.

[26] Additional Earnings are applied on a pro rata basis for the time periods when Mr. Ferreiro was not employed by the BOE and his Social Security earnings are used to calculate his monthly mitigation, as detailed in Section II(C)(8) herein.

[27] *See* February 21, 2018 Special Master Conference Summary, Classwide Exhibits at GULCS 000393-403.

8.     *Mitigation*

    a)     The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that Mr. Ferreiro's monthly mitigation during each month of the damages period was as listed in the column entitled Monthly Mitigation on Exhibit A.

    b)     Based on the evidence presented and the parties' agreement, the Court finds that Mr. Ferreiro's monthly mitigation during each month of the damages period was as listed in the column entitled Monthly Mitigation on Exhibit A.

9.     *Backpay Damages*

    a)     The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that Mr. Ferreiro is entitled to the monthly backpay damages listed in the column entitled Monthly Damages with Attrition on Exhibit A.

    b)     Based on the evidence presented and the parties' agreement, the Court finds that Mr. Ferreiro is entitled to the monthly backpay damages listed in the column entitled Monthly Damages with Attrition on Exhibit A.

D.     <u>LAST Fee Damages</u>

*LAST fees* — Mr. Ferreiro took the LAST nine times and is entitled to $690 to compensate him for the fees he paid to take the LAST.[28]

E.     <u>Pension Damages</u>

    The Court has previously found, and Defendant has not objected to the finding, that class members are entitled to pension-related relief based on their counterfactual service and salary histories, as determined pursuant to the procedures set forth in the Pension Stipulation & Order.[29]

    Based on the evidence presented, and pursuant to the procedures set forth in the Pension Stipulation & Order, the Court finds that the following information regarding Mr. Ferreiro should be imported into the Teachers' Retirement System of the City of New York ("TRS"):

---

[28] *See* Stipulated Exhibit FF, Classwide Exhibits at GULEX 1500.000001-63; *see also* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.

[29] *See* Classwide Conclusions of Law, [ECF No. 1008]; *see also* Pension Stipulation & Order, [ECF No. 1014]; *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 800] ("[T]he parties agree that class members are entitled to the lost pensions they would have received absent the discriminatory LAST.").

1.   Date of Birth — November 5, 1950

2.   Gender — Male

3.   Address — 9440 Fontainebleau Blvd., Apt 210, Miami, FL 33172

4.   Counterfactual date of appointment as a regularly appointed teacher — November 10, 1998

5.   BOE Employment Title — As listed in column entitled Title on Exhibit B

6.   Annual contractual salary — As listed in column entitled Annual Salary on Exhibit B

7.   Monthly contractual salary — As listed in column entitled Counterfactual Monthly Earnings on Exhibit A

8.   Dates of breaks in service (if any) — N/A

9.   Termination of regularly appointed teacher service (if any) — November 1, 2012

10.   Retirement date (if any) — November 5, 2012

F.   ASAF Damages

1.   The parties agree, based on the Special Master's prior rulings and without waiving their prior objections to those rulings, that Mr. Ferreiro is entitled to $2,761 in ASAF damages.

2.   Based on the evidence presented and the parties' agreement, the Court finds that Mr. Ferreiro is entitled to $2,761 in ASAF damages.

G.   Retroactive Seniority Adjustment

1.   The Court finds, and Defendant does not object to the finding, that Mr. Ferreiro was denied seniority as a result of the BOE's discrimination.[30] Accordingly, the Court finds that Mr. Ferreiro is entitled to the seniority he was denied from November 10, 1998 through November 1, 2012 ("Retroactive Seniority").

2.   The Court finds that Mr. Ferreiro is entitled to the following adjustments in the BOE's records to reflect his Retroactive Seniority:

---

[30] *See* January 24, 2018 Special Master Conference Summary, Classwide Exhibits at GULCS 000380-387 ("The parties stated that they agree claimants will receive retroactive seniority with respect to salary-step advancement, longevity bonuses, accrual of years of service for pension, post-retirement health care benefits, accrual of CAR days, sabbatical leave rights, restoration of health leave rights, and hardship transfers.").

a) *Health Insurance Eligibility* — Effective the date this judgment is entered by the Court and on a prospective basis only, Mr. Ferreiro, based upon his retirement from TRS and his credited service therein, will receive the same post-retirement health insurance coverage that similarly situated retirees from TRS with the same increment of credited service will receive on that date, if any, pursuant to § 12-126 of the New York City Administrative Code or any other statute, rule, policy, or practice effective at such time with respect to post-retirement health insurance coverage. This term, and the relief it grants, shall have no retrospective application or effect. This relief is subject to future legislative action with respect to § 12-126 of the New York City Administrative Code, as well as any other valid change that may later be made to the post-retirement health insurance coverage for such similarly situated members.

b) *CAR Days* — Mr. Ferreiro should receive $7,616 in monetary damages for the CAR days he would have accrued as a regularly appointed BOE teacher during his counterfactual service period.

H.    <u>Tax-Component</u>

The parties stipulate, without waiving any previous objections to the Special Master's prior rulings, that Mr. Ferreiro is entitled to a tax-component award in the amount of $45,173.

Dated: March 26, 2020
New York, New York

10