UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
ELSA GULINO, MAYLING RALPH, PETER WILDS, : 
and NIA GREENE, on behalf of themselves and all others :
similarly situated, : 96 Civ. 8414 (KMW)
 :
            Plaintiffs, :
 :
     - against - : [PROPOSED]
 : JUDGMENT
THE BOARD OF EDUCATION OF THE CITY : FOR
SCHOOL DISTRICT OF THE CITY OF NEW YORK, : JACQUELINE
 : POUNCIE
            Defendant. :
---------------------------------------------------------------------- x

WHEREAS, the Court certified a remedy-phase class of Plaintiffs (*See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, No. 96-cv-8414, [ECF No. 386]), and Ms. Pouncie ("Claimant") is a member of that class;

WHEREAS, the Court appointed a Special Master (*See* May 20, 2014 Order of Appointment, [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment, [ECF No. 524]) to hear, among other things, demands for damages;

WHEREAS, the Special Master held a hearing on June 18, 2020, with respect to Ms. Pouncie's demand for damages and Defendant's objections;

WHEREAS, the Special Master made, and the Court adopted, Classwide Conclusions of Law, [ECF Nos. 999, 1008]);

WHEREAS, the Board of Education of the City School District of the City of New York ("BOE") and Plaintiffs entered into, and the Court so ordered, a Stipulation of Classwide Facts & Procedures, [ECF No. 1009];

WHEREAS, the BOE and Plaintiffs entered into, and the Court so ordered, a Fifth Supplemental Stipulation Concerning Admissibility of Exhibits, which attached a Fifth Supplemental Index of Exhibits (collectively referred to as the "Classwide Exhibits") filed with the Court, [ECF No. 5942];

WHEREAS, the Special Master made Findings of Fact and Conclusions of Law for Jacqueline Pouncie, annexed hereto as Exhibit 1, that he recommended the Court adopt;

WHEREAS, the Special Master recommended, and the parties agreed with the Special Master's recommendation, that the Court certify this judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b);

1

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the annexed Findings of Fact and Conclusions of Law for Jacqueline Pouncie (Exhibit 1) is adopted;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Jacqueline Pouncie will have judgment against the BOE as follows:

1. LAST Fees in the amount of $210; and

2. Pre-judgment interest calculated to be $164; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the Special Master's recommendation that this judgment be certified as final and appealable pursuant to Federal Rule of Civil Procedure 54(b) and expressly determines that there is no just reason for delay for the reasons stated in the Special Master's Report and Recommendation.

This Judgment Entry is certified and entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: 10/8/20                                              ENTERED

                                                            /s/ Kimba M. Wood

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
ELSA GULINO, MAYLING RALPH, PETER WILDS, :
and NIA GREENE, on behalf of themselves and all others :
similarly situated, : 96 Civ. 8414 (KMW)
:
Plaintiffs, :
:
- against - :
:
THE BOARD OF EDUCATION OF THE CITY :
SCHOOL DISTRICT OF THE CITY OF NEW YORK, :
:
Defendant. :
------------------------------------------------------------------- x

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR
<u>JACQUELINE POUNCIE</u>**

I.     **PROCEDURAL HISTORY — JACQUELINE POUNCIE**

    A.     As contemplated by the scheduling order in this case, on May 28, 2020, Plaintiffs' counsel ("Plaintiffs") submitted Jacqueline Pouncie's demand for damages (the "Demand") to the Board of Education of the City School District of the City of New York ("BOE" or "Defendant").

    B.     On June 11, 2020, the parties agreed, based on the Special Master's prior rulings, that Ms. Pouncie is entitled to monetary relief in the amount of $210, plus pre-judgment interest.

    C.     During a conference held by the Special Master on June 18, 2020, Defendant did not request a hearing and did not contest Ms. Pouncie's credibility.[1]

    D.     Accordingly, the Special Master ruled that Ms. Pouncie satisfied her burden of proving that $210, plus pre-judgment interest, is the appropriate total damages amount based on the evidence presented.[2]

---

[1] *See* June 18, 2020 Special Master Conference Summary, at GULCS 001075-084 [ECF No. 5940].

[2] *See id.*

1

II.     **FINDINGS OF FACT — JACQUELINE POUNCIE**

    A.     <u>Background and Class Membership</u>

        1.     Jacqueline Pouncie is an African-American woman, who was employed by the BOE as a teacher after June 29, 1995.[3]

        2.     Ms. Pouncie failed the Liberal Arts and Sciences Test ("LAST").[4]

        3.     Because Ms. Pouncie failed the LAST, the BOE did not hire her for a regularly appointed teacher position.[5]

---

[3] *See* Stipulated Exhibit E, referenced in the so-ordered Fifth Supplemental Stipulation Concerning Admissibility of Exhibits [ECF No. 5942] (the "Classwide Exhibits"), at GULEX 1100.000001; Stipulated Exhibit F, Classwide Exhibits at GULEX 1100.000002; Stipulated Exhibit G, Classwide Exhibits at GULEX 1200.000001; Stipulated Exhibit J, Classwide Exhibits at GULEX 1200.000002; Stipulated Exhibit K, Classwide Exhibits at GULEX 1200.000003; Stipulated Exhibit L, Classwide Exhibits at GULEX 1200.000004; Stipulated Exhibit R, Classwide Exhibits at GULEX 1200.000005; Stipulated Exhibit S, Classwide Exhibits at GULEX 1200.000006; Stipulated Exhibit AE, Classwide Exhibits at GULEX 1100.000006; Stipulated Exhibit AF, Classwide Exhibits at GULEX 1200.000013; Stipulated Exhibit AG, Classwide Exhibits at GULEX 1100.000007; Stipulated Exhibit AH, Classwide Exhibits at GULEX 1300.000015; Stipulated Exhibit AK, Classwide Exhibits at GULEX 1100.000008; Stipulated Exhibit AL, Classwide Exhibits at GULEX 1100.000009; Stipulated Exhibit AM, Classwide Exhibits at GULEX 1100.000010; Stipulated Exhibit AN, Classwide Exhibits at GULEX 1100.000011; Stipulated Exhibit AP, Classwide Exhibits at GULEX 1300.000016; Stipulated Exhibit AQ, Classwide Exhibits at GULEX 1100.000013; Stipulated Exhibit AR, Classwide Exhibits at GULEX 1100.000014; Stipulated Exhibit AS, Classwide Exhibits at GULEX 1100.000015; Stipulated Exhibit AT, Classwide Exhibits at GULEX 1100.000016; Stipulated Exhibit AU, Classwide Exhibits at GULEX 1300.000017; Stipulated Exhibit AX, Classwide Exhibits at GULEX 1100.000017; Stipulated Exhibit AV, Classwide Exhibits at GULEX 1200.000014; Stipulated Exhibit AW, Classwide Exhibits at GULEX 1200.000015; Stipulated Exhibit AY, Classwide Exhibits at GULEX 1100.000018; Stipulated Exhibit AZ, Classwide Exhibits at GULEX 1100.000019; Stipulated Exhibit BA, Classwide Exhibits at GULEX 1100.000020; Stipulated Exhibit BC, Classwide Exhibits at GULEX 1100.000021; Stipulated Exhibit BD, Classwide Exhibits at GULEX 1200.000016; Stipulated Exhibit BE, Classwide Exhibits at GULEX 1300.000018; Stipulated Exhibit BF, Classwide Exhibits at GULEX 1100.000022; Stipulated Exhibit BG, Classwide Exhibits at GULEX 1100.000023; Stipulated Exhibit BH, Classwide Exhibits at GULEX 1200.000017; Stipulated Exhibit BI, Classwide Exhibits at GULEX 1100.000024; Stipulated Exhibit BJ, Classwide Exhibits at GULEX 1300.000019; Stipulated Exhibit BS, Classwide Exhibits at GULEX 1200.000018; Stipulated Exhibit BT, Classwide Exhibits at GULEX 1200.000019; Stipulated Exhibit BU, Classwide Exhibits at GULEX 1100.000025; Stipulated Exhibit BV, Classwide Exhibits at GULEX 1100.000026; Stipulated Exhibit BW, Classwide Exhibits at GULEX 1100.000027; Stipulated Exhibit BX, Classwide Exhibits at GULEX 1300.000020; Stipulated Exhibit BY, Classwide Exhibits at GULEX 1200.000020; Stipulated Exhibit BZ, Classwide Exhibits at GULEX 1100.000028; Stipulated Exhibit CA, Classwide Exhibits at GULEX 1100.000029; Stipulated Exhibit CB, Classwide Exhibits at GULEX 1200.000021; Stipulated Exhibit CD, Classwide Exhibits at GULEX 1300.000021; Stipulated Exhibit CE, Classwide Exhibits at GULEX 1100.000030; Stipulated Exhibit CF, Classwide Exhibits at GULEX 1200.000022; Stipulated Exhibit CG, Classwide Exhibits at GULEX 1300.000022; Stipulated Exhibit CH, Classwide Exhibits at GULEX 1200.000023; Stipulated Exhibit UU, Classwide Exhibits at GULEX 1200.000007; Stipulated Exhibit VV, Classwide Exhibits at GULEX 1200.000008; Stipulated Exhibit WW, Classwide Exhibits at GULEX 1200.000009; Stipulated Exhibit XX, Classwide Exhibits at GULEX 1200.000010; Stipulated Exhibit YY, Classwide Exhibits at GULEX 1200.000011; Stipulated Exhibit ZZ, Classwide Exhibits at GULEX 1200.000012 (collectively, "BOE Payroll and Service Data").

[4] *See* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.

[5] *See* BOE Payroll and Service Data.

        4.      Ms. Pouncie submitted a claim form in this case and is a member of the Plaintiff class.

        5.      Accordingly, Ms. Pouncie is entitled to monetary relief from the BOE as compensation for the injuries she suffered as a result of the BOE's discrimination.[6]

    B.    <u>Monetary Relief</u>

Ms. Pouncie is entitled to $210 to compensate her for the fees she paid to take the LAST.[7]

    C.    <u>Pre-Judgment Interest</u>

Ms. Pouncie is entitled to $164 in pre-judgment interest.

DATED: September 18, 2020
        New York, New York

---

[6] *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 321]; *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 386].

[7] *See* Stipulated Exhibit FF, Classwide Exhibits at GULEX 1500.000001-63; *see also* Stipulated Exhibit EE, Classwide Exhibits at GULEX 1400.000001.