UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
ELSA GULINO, MAYLING RALPH, PETER WILDS, : 
and NIA GREENE, on behalf of themselves and all others : 
similarly situated, : 96 Civ. 8414 (KMW)
:
Plaintiffs, :
:
- against - : **[PROPOSED]**
: **JUDGMENT**
THE BOARD OF EDUCATION OF THE CITY : **FOR**
SCHOOL DISTRICT OF THE CITY OF NEW YORK, : **TERRY CARMON**
:
Defendant. :
------------------------------------------------------------------------ x

WHEREAS, the Court certified a remedy-phase class of Plaintiffs (*See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, No. 96-cv-8414, [ECF No. 386]), and Terry Carmon ("Claimant") is a member of that class;

WHEREAS, the Court appointed a Special Master (*See* May 20, 2014 Order of Appointment, [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment, [ECF No. 524]) to hear, among other things, demands for damages;

WHEREAS, the Special Master made, and the Court adopted, Classwide Conclusions of Law, [ECF Nos. 999, 1008]);

WHEREAS, the Board of Education of the City School District of the City of New York ("BOE") and Plaintiffs entered into, and the Court so ordered, a Stipulation of Classwide Facts & Procedures, [ECF No. 1009];

WHEREAS, the BOE and Plaintiffs entered into, and the Court so ordered, a Fifth Supplemental Stipulation Concerning Admissibility of Exhibits, which attached a Fifth Supplemental Index of Exhibits (collectively referred to as the "Classwide Exhibits") filed with the Court, [ECF No. 5942];

WHEREAS, Plaintiffs and the BOE executed a Fourth Stipulation Regarding Expedited Class Members dated November 18, 2020, and have prepared the annexed Findings of Fact and Conclusions of Law for Terry Carmon, which the Special Master recommends that the Court adopt;

WHEREAS, the Special Master recommended, and the parties agreed with the Special Master's recommendation, that the Court certify this judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b);

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the annexed Findings of Fact and Conclusions of Law for Terry Carmon (Exhibit 1) is adopted;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED Terry Carmon will have judgment against the BOE as follows:

1. Backpay in the amount of $10,159;

2. LAST Fees in the amount of $460;

3. Pre-judgment interest calculated to be $2,004; and

4. Pension-related relief pursuant to the terms of the Court's Order dated December 17, 2018 (Pension Stipulation & Order, [ECF No. 1014]).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Terry Carmon will be entitled to the following non-monetary relief:

1. The BOE is ordered to amend its internal service, salary, payroll, and human resources systems as follows:

    a. Incorporate the "Pension Inputs" detailed in Paragraph 4 of Exhibit 1;

    b. Incorporate Terry Carmon's counterfactual monthly service history, as listed on Exhibit A to the Stipulation Regarding Terry Carmon; and

    c. Grant Terry Carmon retroactive seniority based on her counterfactual monthly service history, as described in Paragraph 4 of Exhibit 1.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the Special Master's recommendation that this judgment be certified as final and appealable pursuant to Federal Rule of Civil Procedure 54(b) and expressly determines that there is no just reason for delay for the reasons stated in the Special Master's Report and Recommendation.

This Judgment Entry is certified and entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:   1/13/21                                          ENTERED

                                                                  /s/ Kimba M. Wood

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
ELSA GULINO, MAYLING RALPH, PETER WILDS,
and NIA GREENE, on behalf of themselves and all others
similarly situated,

                 Plaintiffs,

        - against -

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                 Defendant.
---------------------------------------------------------------------- x

96 Civ. 8414 (KMW)

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR TERRY CARMON</u>**

1. Pursuant to the Fourth Stipulation Regarding Expedited Class Members entered into by the parties on November 18, 2020, and the parties' Fourth Stipulation Regarding Expedited Hearing Process, dated September 9, 2020, the Special Master recommends the following;

2. Terry Carmon is a member of the Plaintiff class in this action, and is entitled to monetary and injunctive relief from Defendant, the Board of Education of the City School District of the City of New York ("BOE"), as compensation for the injuries she suffered as a result of what the Court found to be the BOE's discrimination.[1]

3. The Special Master rules, and the parties do not contest the Special Master's ruling, that based on the evidence presented, and the Special Master's prior rulings in this action, which have been affirmed by the Court, Terry Carmon has satisfied her burden of establishing her entitlement to the following monetary relief:

    a. Backpay in the amount of $10,159;

    b. $460 to compensate her for the fees she paid to take the Liberal Arts and Sciences Test; and

    c. Pre-judgment interest in the amount of $2,004.

---

[1] *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 321]; *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, 1:96-cv-08414, [ECF No. 386].

1

4. Based on the Special Master's and the Court's prior rulings in this action, Terry Carmon has satisfied her burden of establishing her entitlement to the following non-monetary relief:

   a. The BOE's internal service, salary, payroll, and human resources systems should be amended to incorporate Terry Carmon's counterfactual monthly BOE service history, as listed in the column entitled BOE Employment Title on Exhibit A;

   b. Terry Carmon should receive retroactive seniority, based on the counterfactual monthly BOE service listed in the column entitled BOE Employment Title on Exhibit A, with respect to salary-step advancement, longevity bonuses, accrual of years of service for pension, post-retirement health care benefits, accrual of CAR days, sabbatical leave rights, restoration of health leave rights, and hardship transfers;

   c. Pursuant to the procedures set forth in the Pension Stipulation & Order, [ECF No. 1014], the following information regarding Terry Carmon (the "Pension Inputs") should be imported into the Teachers' Retirement System of the City of New York:

      i. <u>Date of Birth</u> — ▇▇▇▇▇▇▇, 1949
      ii. <u>Gender</u> — Female
      iii. <u>Address</u> — ▇▇▇▇▇▇▇
           Staten Island, NY, 10304
      iv. <u>Counterfactual date of appointment as a regularly appointed teacher</u> — September 2, 2003
      v. <u>BOE Employment Title</u> — As listed in column entitled Title on Exhibit A
      vi. <u>Annual contractual salary</u> — As listed in column entitled Counterfactual Annual Salary on Exhibit A
      vii. <u>Monthly contractual salary</u> — As listed in column entitled Counterfactual Monthly Earnings on Exhibit A
      viii. <u>Dates of breaks in service (if any)</u> — July 1, 2007 through January 31, 2008
      ix. <u>Termination of regularly appointed teacher service (if any)</u> — November 1, 2018
      x. <u>Retirement date (if any)</u> — January 28, 2019

DATED: December 21, 2020