UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ELSA GULINO, MAYLING RALPH, PETER WILDS, and NIA GREENE, on behalf of themselves and all others similarly situated,

            Plaintiffs,

- against -

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,

            Defendant.

------------------------------------------------------------------- x

96 Civ. 8414 (KMW)

~~[PROPOSED]~~ **JUDGMENT FOR DAWN CHANNER**

WHEREAS, the Court certified a remedy-phase class of Plaintiffs (*See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, No. 96-cv-8414, [ECF No. 386]), and Dawn Channer ("Claimant") is a member of that class;

WHEREAS, the Court appointed a Special Master (*See* May 20, 2014 Order of Appointment, [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment, [ECF No. 524]) to hear, among other things, demands for damages;

WHEREAS, the Special Master held a hearing on May 13, 2021, with respect to Ms. Channer's demand for damages and Defendant's objections, [ECF No. 8097];

WHEREAS, the Special Master made, and the Court adopted, Classwide Conclusions of Law, [ECF Nos. 999, 1008]);

WHEREAS, the Board of Education of the City School District of the City of New York ("BOE") and Plaintiffs entered into, and the Court so ordered, a Stipulation of Classwide Facts & Procedures, [ECF No. 1009];

WHEREAS, the BOE and Plaintiffs entered into, and the Court so ordered, a Sixth Supplemental Stipulation Concerning Admissibility of Exhibits, which attached a Sixth Supplemental Index of Exhibits (collectively referred to as the "Classwide Exhibits") filed with the Court, [ECF No. 8247];

WHEREAS, the Special Master made Findings of Fact and Conclusions of Law for Dawn Channer, which the Special Master recommends that the Court adopt;

WHEREAS, the Special Master recommended, and the parties agreed with the Special Master's recommendation, that the Court certify this judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b);

1

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the annexed Findings of Fact and Conclusions of Law for Dawn Channer (Exhibit 1) is adopted;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ms. Channer will have judgment against the BOE as follows:

1. Backpay in the amount of $794,965;

2. Tax-component award in the amount of $93,408;

3. LAST Fees in the amount of $237;

4. ASAF account award in the amount of $3,600;

5. Pre-judgment interest calculated to be $55,762; and

6. Pension-related relief pursuant to the terms of the Court's Order dated December 17, 2018 (Pension Stipulation & Order, [ECF No. 1014]).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ms. Channer will be entitled to the following non-monetary relief:

1. The BOE is ordered to amend its internal service, salary, payroll, and human resources systems as follows:

    a. Incorporate the "Pension Inputs" detailed in Paragraph 4 of Exhibit 1;

    b. Incorporate Ms. Channer's counterfactual monthly service history, as listed on Exhibit B to the Findings of Fact and Conclusions of Law for Dawn Channer; and

    c. Grant Ms. Channer retroactive seniority based on her counterfactual monthly service history, as described in Paragraph 4 of Exhibit 1.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the Special Master's recommendation that this judgment be certified as final and appealable pursuant to Federal Rule of Civil Procedure 54(b) and expressly determines that there is no just reason for delay for the reasons stated in the Special Master's Report and Recommendation.

This Judgment Entry is certified and entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:      9/9/21                                              ENTERED:

                                                                /s/ Kimba M. Wood