-----------------------------------

ELSA GULINO, MAYLING RALPH, PETER WILDS, and NIA GREENE, on behalf of themselves and all others similarly situated,

                   *Plaintiffs*,

v.

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                   *Defendant*.

-----------------------------------

96 CIV. 8414

**REPORT AND RECOMMENDATION FOR CLAIMANTS IN NOVEMBER 2021 COHORT**

TO THE HONORABLE KIMBA M. WOOD, United States District Court Judge.

John S. Siffert, SPECIAL MASTER

 For the reasons stated below, I recommend that the Court adopt the Findings of Fact and Conclusions of Law for those claimants whose awards were reduced to proposed judgments and submitted by the parties in November 2021, as listed on Exhibit 1 hereto ("November 2021 Cohort"), enter the Proposed Judgments for the November 2021 Cohort submitted as Exhibit 2 and Exhibit 3 hereto, and certify those Proposed Judgments for the November 2021 Cohort as final and appealable.

I. **Background**

The facts of this case are set forth fully in previous opinions by the District Court over the course of this litigation. *See, e.g.*, *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.* (*Gulino I*), 201 F.R.D. 326 (S.D.N.Y. 2001) (Motley, J.); *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.* (*Gulino V*), 907 F. Supp. 2d 492 (S.D.N.Y. 2012) (Wood, J.). I recite only those facts relevant to this Report and Recommendation for Claimants in the November 2021 Cohort.

From 1994 to 2014, Defendant Board of Education of the City School District of the City of New York ("Defendant" or "BOE") required permanent teachers to pass various iterations of the Liberal Arts and Sciences Test ("LAST") as a condition of employment, even though the tests were not properly validated and had a disparate impact on African-American and Latino teachers. Plaintiffs represent a class of approximately 4,500 African-American and Latino teachers who lost or were denied permanent teacher positions as a result of this discriminatory policy. In 2012, the District Court found that Defendant's use of the LAST violated Title VII, and in 2013, it certified a remedy-phase class. Since then, the Court enjoined Defendant from using the test to make hiring decisions and ordered that certain members be deemed certified for the purposes of BOE hiring decisions.

The Court appointed me Special Master to oversee the two-stage remedial phase that it outlined in its Certification Order. That Order directed that the first stage address "classwide issues, including calculation of backpay, pension benefits, and seniority" and that the second stage address "individual issues, including mitigation and the amount of backpay to which each claimant is entitled." *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.* (*Gulino VI*), No. 96-cv-8414, 2013 WL 4647190, at \*6 (S.D.N.Y. Aug. 29, 2013) (Wood, J.).

## II. Procedural History

The Court certified a remedy-phase class of Plaintiffs (*See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, Opinion and Order, No. 96-cv-8414, [ECF No. 386]). The claimants in the November 2021 Cohort are members of the class and submitted individual demands for damages by June 2021.

In accordance with my Order of Appointment (*see* May 20, 2014 Order of Appointment [ECF No. 435]; November 12, 2014 Second Amended Order of Appointment [ECF No. 524]), I submitted Interim Reports and Recommendations ("IRRs"), which the Court has adopted. (*See* IRR dated October 24, 2014 [ECF No. 516], Order [ECF No. 536]; IRR dated July 17, 2015 [ECF No. 678], Opinion & Order [ECF No. 674]; IRR dated June 13, 2016 [ECF No. 777], Order [ECF No. 800]; IRR dated July 15, 2016 [ECF No. 790], Order [ECF No. 826]). The first two IRRs addressed first-stage classwide issues, including the viability of certain defenses, Defendant's burdens on the remaining defenses, and whether backpay awards could be adjusted on a classwide basis to account for attrition. The third IRR addressed the proper damages model for calculating class members' backpay at individual hearings.

Upon my recommendation, the Court adopted Classwide Conclusions of Law [ECF No. 1008], so ordered a Stipulation of Classwide Facts and Procedures [ECF No. 1009] and a Stipulation Concerning the Admissibility of Exhibits, and entered into evidence Classwide Exhibits [ECF No. 1010; ECF No. 4645; ECF No. 5942; ECF No. 8247].

Prior to the hearings for the claimants in the November 2021 Cohort, Plaintiffs submitted pre-hearing damages demand charts and exhibits reflecting the basis for each claimant in the November 2021 Cohort's damages demands. Defendant submitted responses based on its own model and expert analysis. The parties' models incorporated the issues addressed in my prior

IRRs that previously were adopted by the Court. (*See* IRR dated October 24, 2014 [ECF No. 516], Order [ECF No. 536]; IRR dated July 17, 2015 [ECF No. 678], Opinion & Order [ECF No. 674]; IRR dated June 13, 2016 [ECF No. 777], Order [ECF No. 800]; IRR dated July 15, 2016 [ECF No. 790], Order [ECF No. 826]). In its response to the claimants in the November 2021 Cohort's demands, Defendant agreed to raise objections only to aspects of the demands that had not previously been addressed by these IRRs and the Court's Orders. Between submitting the initial pre-hearing damages chart and the hearings for the claimants in the November 2021 Cohort, the parties had multiple opportunities to confer regarding objections. At individual hearings, I made rulings on remaining objections, and the parties then submitted final pre-hearing damages charts reflecting their positions.

    Also, in accordance with my Order of Appointment, I held hearings on all the claimants in the November 2021 Cohort's demands for damages. At hearings for the claimants in the November 2021 Cohort, I reviewed the evidence and heard argument with respect to the claimants in the November 2021 Cohort's demands for damages and Defendant's objections to the same. Following each of those hearings, I circulated a summary to the parties setting forth the arguments presented by the parties at the hearings and my rulings on each of the issues raised. The parties were given the opportunity to assert objections or propose edits to the summaries before they were finalized. The parties have agreed that those conference summaries accurately set forth the parties' positions at the hearings and my rulings. The portions of the summaries relevant to the claimants in the November 2021 Cohort are cited in respective Exhibits 1 to each of the Proposed Judgments and were submitted as part of the record. *See* ECF

No. 4645; ECF No. 4950; ECF No. 5401; ECF No. 5940; ECF No. 6407; ECF No. 6811; ECF No. 7219; ECF No. 8097.

Exhibit 1 to each Proposed Judgment for the November 2021 Cohort contains Findings of Fact and Conclusions of Law. These Findings of Fact and Conclusions of Law were drafted jointly by the parties with my input and subject to my review. The Parties set forth their objections to my rulings in the footnotes to the Findings of Fact and Conclusions of Law.

### III.   Agreement of the Parties

The parties agree that the damages charts, conference summaries, and Findings of Fact and Conclusions of Law for each claimant in the November 2021 Cohort accurately set forth the parties' positions and accurately reflect their objections to my rulings. The parties further agree that the objections that have been preserved in the record do not need to be re-submitted to the Court in connection with this Report and Recommendation for the November 2021 Cohort. The parties agree that the Court may adopt or reject this Report and Recommendation on the basis of the arguments and objections to the rulings contained in the record. The parties also waive the timeframe and procedure in the Second Amended Order of Appointment [ECF No. 524] for submission of their objections, as they agree objections they previously set forth should be deemed submitted to the Court.

### IV.   Certification of Judgment as Final and Appealable

Based on my findings and with agreement of the parties, I recommend that the Court certify the Proposed Judgments for each claimant in the November 2021 Cohort as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

Where, as here, "an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer

than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court and will be set aside only for an abuse of discretion." *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992). The district court's discretion, however, is to be exercised sparingly in light of the "'historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Certification under Rule 54(b) should be granted only "where there are interest[s] of sound judicial administration and efficiency to be served, or . . . where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hogan*, 961 F.2d at 1025 (internal quotation marks and citations omitted).

The parties agree, and I recommend that the Court find, that there are multiple claims and numerous class members in this case and that when the Court enters each judgment for the November 2021 Cohort, each claim will have been finally decided. The parties also agree, and I recommend that the Court find, that certification is in the interest of sound judicial administration and there is a danger of unusual injustice through delay. This case has been pending for more than 24 years. At its current pace, where Defendant is reserving the right to contest the damages demands of each class member at individual hearings, it will take more than a year before judgments are entered for all class members.

Certification will serve the interests of judicial economy. Rule 54(b) certification of this judgment will begin the time to take an immediate appeal. This Court previously certified judgments for other class members, which Defendant appealed, and the Court of Appeals for the Second Circuit recently affirmed those judgments for 347 class members. *See Gulino v. Bd. of*

*Educ. of the City Sch. Dist. of the City of N.Y. (Munoz)*, 841 Fed. Appx. 310 (2d. Cir. Jan. 28, 2021) (Summary Order) (affirming judgments), *rehrg denied,* Index No. 19-1162, Dkt. 268 (2d. Cir. Apr. 14, 2021).  Certification of the judgments for the November 2021 Cohort will allow for any individual issues to be addressed in subsequent appeals.  Certification of the judgments for the November 2021 Cohort will also mitigate the hardship that otherwise would be caused by delaying the finality of each claimant's judgment.  This case has been pending for over 24 years, and the issue of liability was fully determined more than eight years ago.  Some class members already are retired, some are medically challenged, some are in financial need, and some have died.  Class members who will be adjudged to be entitled to backpay, disability benefits, and pension payments will suffer hardship if their judgments are not certified.  It would be unjust to make the class members wait for the completion of all of the individual hearings before their individual judgments are final and to delay the class members' receipt of the amount that is finally adjudged to be due to them.

Similarly, certification will relieve Defendant from the hardship facing an inchoate contingent liability without knowing how much actually will be owed as a result of this case.  In addition, the ability promptly to enter judgments will cut off millions of dollars of additional backpay damages that otherwise will accrue, and that Defendant otherwise will have to pay if judgments are delayed.

### V.     Conclusion

For the foregoing reasons and for the reasons contained in the record, I recommend that the Court adopt the Findings of Fact and Conclusions of Law for the claimants in the November 2021 Cohort; direct the Clerk of the Court to enter the Proposed Judgments for the November 2021 Cohort submitted herewith; expressly determine that there is no just reason for delay; and

certify the Proposed Judgments for the November 2021 Cohort as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

Dated:  New York, New York
       November 26, 2021

_____
JOHN S. SIFFERT
Special Master