```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 5, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ELSA GULINO, ET AL.,

           Plaintiffs,

     v.                                                         96-CV-8414 (KMW)

THE BOARD OF EDUCATION OF THE                         **ORDER**
CITY SCHOOL DISTRICT OF THE CITY
OF NEW YORK,

           Defendant.
------------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

       On May 20, 2014, this case was referred to Special Master John S. Siffert pursuant to Federal Rule of Civil Procedure 53(a)(1)(B) and this Court's inherent equitable powers and authority. (ECF Nos. 435, 524.) On August 6, 2025, Special Master Siffert filed a Report and Recommendation ("R&R") regarding incentive awards for Peter Wilds-Bethea, the Estate of Elsa Gulino, and Dianne Nia Greene (the "Named Plaintiffs"). (ECF No. 12558.) The Special Master recommended that this Court adopt the Proposed Findings of Fact and Conclusions of Law for each Named Plaintiff, found in Exhibit 1 to the R&R; direct entry of the Proposed Judgments for the Named Plaintiffs, also contained in Exhibit 1 to the R&R; and certify those Proposed Judgments as final and appealable pursuant to Federal Rule of Civil Procedure 54(b). (*Id.*)

       The parties agree that the damages charts, conference summaries, and Findings of Fact and Conclusions of Law with respect to the Estate of Elsa Gulino and Dianne Nia Greene accurately set forth the parties' positions and accurately reflect the Special Master's rulings. The parties also agree that objections that have been preserved in the record do not need to be resubmitted to the Court in connection with the R&R for the Estate of Elsa Gulino and Dianne

Nia Greene. The parties further agree that the Court may adopt or reject the R&R for the Estate of Elsa Gulino and Dianne Nia Greene on the basis of the arguments and objections to rulings contained in the record.

As set forth in the Second Amended Order of Appointment and consistent with Federal Rule of Civil Procedure 53(f), the Court reviews *de novo* all objections to conclusions of law and findings of fact made or recommended by the Special Master. (ECF No. 524.) Upon *de novo* review of the R&R, as well as the Proposed Findings of Fact and Conclusions of Law—and after reviewing the previous Interim R&Rs that this Court has already adopted—the Court adopts the Special Master's R&R for the Estate of Elsa Gulino and Dianne Nia Greene, and reserves judgment on the incentive award for Peter Wilds-Bethea, because the parties have not yet completed briefing on the matter.

Following mediation sessions led by the Special Master, the parties agreed to incentive awards of $272,996 each for Ms. Gulino's estate and for Ms. Greene. Defendant's rationale for initially proposing this specific amount was that $272,996 equaled the average backpay award to class members as of April 19, 2022, the date of Defendant's response to two of the Named Plaintiffs' incentive award demands.

The Court finds that incentive awards of $272,996 each to Named Plaintiffs the Estate of Elsa Gulino and Dianne Nia Greene, are fair and appropriate. The purpose of incentive awards, also referred to as "service awards," is two-fold: (1) to reward the class representatives for the additional work they perform on the class's behalf, and (2) to encourage others to participate in future class action lawsuits as class representatives. *Moses v. New York Times Co.*, 79 F.4th 235, 253–55 (2d Cir. 2023) (holding that incentive awards are not *per se* improper). Incentive awards in employment discrimination class actions are particularly appropriate in light of the personal

and professional risks taken on by an individual by becoming a class representative or named plaintiff:

> [T]here is a fundamental distinction between litigation based on claims of racial, gender or other discrimination, and securities-based litigation [or antitrust class actions] . . . . In discrimination-based litigation, the plaintiff is frequently a present or past employee whose present position or employment credentials or recommendation may be at risk by reason of having prosecuted the suit, who therefore lends his or her name and efforts to the prosecution of litigation at some personal peril.

*Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 201 (S.D.N.Y. 1997) (Brieant, J.).

Elsa Gulino and Dianne Nia Greene were instrumental in initiating this class action. Elsa Gulino served as a named plaintiff for more than six years—from 1996 until her death in June 2003—and as a class representative for nearly two years. Dianne Nia Greene served as a named plaintiff for more than four years—from 1996 to 2001—and organized teachers at the outset of the case. Both Ms. Gulino and Ms. Greene recognized that by becoming named plaintiffs, they faced substantial personal and professional risks.

This case has been pending for more than twenty-eight years. Moreover, the parties reached an agreement regarding the incentive awards for the Estate of Elsa Gulino and Dianne Nia Greene in July 2024, thirteen months ago. By certifying the judgments, the Court seeks to mitigate any hardship that would be caused by delaying further.

Accordingly, the Court adopts the Proposed Findings of Fact and Conclusions of Law with respect to the Estate of Elsa Gulino and Dianne Nia Greene and will enter the Proposed Judgments for these two Named Plaintiffs. For the reasons set forth in the R&R, the Court holds there is no just reason for delay and certifies the judgments as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

    SO ORDERED.

Dated: New York, New York
       September 5, 2025

                                                  */s/ Kimba M. Wood*
                                              KIMBA M. WOOD
                                      United States District Judge