```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 17, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELSA GULINO, ET AL.,

           Plaintiffs,

      v.                                          96-CV-8414 (KMW)

THE BOARD OF EDUCATION OF THE           **ORDER**
CITY SCHOOL DISTRICT OF THE CITY
OF NEW YORK,

           Defendant.
-------------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

       On May 20, 2014, this case was referred to Special Master John S. Siffert under Federal Rule of Civil Procedure 53(a)(1)(B) and this Court's inherent equitable powers and authority. (ECF Nos. 435, 524.) On August 6, 2025, Special Master Siffert filed a Report and Recommendation ("R&R") regarding incentive awards for Peter Wilds-Bethea, the Estate of Elsa Gulino, and Dianne Nia Greene (the "Named Plaintiffs"). (ECF No. 12558.) The Special Master recommended that this Court adopt the Proposed Findings of Fact and Conclusions of Law for each Named Plaintiff, found in Exhibit 1 to the R&R; direct entry of the Proposed Judgments for the Named Plaintiffs, also contained in Exhibit 1 to the R&R; and certify those Proposed Judgments as final and appealable under Federal Rule of Civil Procedure 54(b). (*Id.*)

       On September 5, 2025, the Court adopted the Proposed Findings of Fact and Conclusions of Law for the Estate of Elsa Gulino and Dianne Nia Greene, and reserved judgment on the incentive award for Peter Wilds-Bethea because the parties had not yet completed briefing on the matter. (Order, ECF No. 12609.) On September 8, 2025, the Court entered judgments for the Estate of Elsa Gulino and Dianne Nia Greene. (ECF Nos. 12611, 12612.)

The parties agree that the damages charts, conference summaries, and submissions of the parties regarding the incentive award for Peter Wilds-Bethea accurately set forth their positions. However, the parties reserved their rights to object to the R&R with respect to the recommended incentive award for Peter Wilds-Bethea. On August 20, 2025, Plaintiffs filed their objection to the R&R. (Pls.' Obj., ECF No. 12563.) On September 5, 2025, Defendant filed a response to Plaintiffs' objection. (Def.'s Opp'n, ECF No. 12610.) On September 12, 2025, Plaintiffs submitted a reply. (Pls.' Reply, ECF No. 12636.) The Court has thoroughly considered the Special Master's R&R and the parties' briefing.[1]

As set forth in the Second Amended Order of Appointment and consistent with Federal Rule of Civil Procedure 53(f), the Court reviews *de novo* all objections to conclusions of law and findings of fact made or recommended by the Special Master. (ECF No. 524.) Upon *de novo* review of the R&R, as well as the Proposed Findings of Fact and Conclusions of Law—and after reviewing the previous Interim R&Rs that this Court has already adopted—the Court adopts the Special Master's R&R with respect to named plaintiff Peter Wilds-Bethea and awards him an incentive award of $350,000.

Despite participating in mediation sessions led by the Special Master regarding the incentive award for Peter Wilds-Bethea, the parties could not reach an agreement. Plaintiffs consistently demanded a $2.9 million incentive award; Defendant objected to any amount higher than $272,996, the average backpay award to class members as of April 19, 2022, the date of Defendant's response to two of the Named Plaintiffs' incentive award demands. On June 11, 2024, Mr. Wilds-Bethea wrote a letter to the Court providing his rationale for a significant incentive award. In response, the Special Master asked both parties whether they would like him

---

[1] To the extent the Court does not address any particular arguments raised by the parties, the Court has considered them and rejects them on the merits.

to hold oral argument on the matter. Specifically, the Special Master offered Mr. Wilds-Bethea the opportunity to attend the oral argument to hear counsels' presentations and the Special Master's questions and views, and to make his own arguments if he so wished. Mr. Wilds-Bethea declined to appear or make further arguments, and both parties agreed that the Special Master could make a recommendation to the Court based on the materials and arguments already submitted.

The decision to grant an incentive award and the decision regarding the amount of the award rest entirely within the discretion of the court. *Dial Corp. v. News Corp.*, 317 F.R.D. 426, 439 (S.D.N.Y. 2016) (Pauley, J.). The Court finds that an incentive award of $350,000 for Peter Wilds-Bethea is fair and appropriate, and does not "exceed the amount necessary to serve [its] purpose[.]" *Moses v. New York Times Co.*, 79 F.4th 235, 255 (2d Cir. 2023). The purpose of an incentive award, also referred to as a "service award," is two-fold: (1) to reward a class representative for the additional work he performs on the class's behalf, and (2) to encourage others to participate in future class action lawsuits as class representatives. *Id.* at 253-55 (holding that incentive awards are not *per se* improper). Incentive awards in employment discrimination class actions are particularly appropriate in light of the personal and professional risks taken on by an individual by becoming a class representative or named plaintiff. *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 201 (S.D.N.Y. 1997) (Brieant, J.).

When determining a fair and appropriate incentive award, courts in this district consider (1) the time and effort the named plaintiff or class representative expended in assisting the prosecution of the litigation, and (2) special circumstances such as personal or professional risks incurred in becoming and continuing as a named plaintiff or class representative. *See Chen-Oster v. Goldman Sachs & Co.*, No. 10-CV-6950, 2023 WL 7325264, at *6 (S.D.N.Y. Nov. 7,

3

2023) (Torres, J.); *Velez v. Novartis Pharms. Corp.*, No. 04-CV-9194, 2010 WL 4877852, at *24-28 (S.D.N.Y. Nov. 30, 2010) (McMahon, J.).

Peter Wilds-Bethea has been involved with this class action for close to thirty years, serving as a class representative for more than twenty-three years, and as the sole class representative for the remedial phase of this action. He has been involved with the case since its inception, meeting with counsel to file the complaint in 1996. Over the course of almost three decades, Mr. Wilds-Bethea expended significant time and effort in assisting Plaintiffs' counsel with the prosecution of this case. He met with class counsel to discuss the litigation and the class's certification, and to assist with discovery. Mr. Wilds-Bethea was deposed twice—in March 2001 and April 2013—and attended parts of the eight-week trial between December 2002 and April 2003. After the trial, he continued to communicate with Plaintiffs' counsel and other class members. In support of his demand for a $2.9 million incentive award, Mr. Wilds-Bethea submitted time records for approximately 113 calls and meetings with Plaintiffs' counsel totaling more than 235.5 hours as of April 2021.

Mr. Wilds-Bethea also faced notable personal and professional risks by becoming a named plaintiff and class representative. At the time the complaint was filed in 1996, Mr. Wilds-Bethea was working as a substitute teacher for the BOE. He asserts that he worried about how his involvement in the class action would be viewed by the administrators and colleagues at school. He was also concerned that his role as a named plaintiff would impact his ability to secure future employment, and lead to retaliation as he continued to work for the BOE.

The Court previously found that the agreed-upon incentive awards of $272,996 each for the Estate of Elsa Gulino and Dianne Nia Greene were reasonable. (Order, ECF No. 12609.) Mr. Wilds-Bethea has been involved with the class action for a longer time period than the other

Named Plaintiffs, and contributed more time and effort in advancing the litigation, notably serving as the sole class representative during the remedial phase of this litigation since 2013. The Court agrees with the Special Master and with Plaintiffs that this warrants an incentive award higher than $272,996. However, after reviewing the relevant precedent on incentive awards in this Circuit, the Court holds that Plaintiffs' requested award of $2.9 million would be excessive, and not commensurate with Mr. Wilds-Bethea's contributions to the litigation. *See, e.g.*, *Chen-Oster*, 2023 WL 7325264, at *6-7 (approving incentive awards of $250,000 each to four named plaintiffs in a gender discrimination class action, and noting that named plaintiffs spent at least 5,000 hours on behalf of the class); *In re GSE Bonds Antitrust Litig.*, No. 19-CV-1704, 2020 WL 3250593, at *6 (S.D.N.Y. June 16, 2020) (Rakoff, J.) (approving an incentive award of $300,000 to one class representative in an antitrust class action, and noting that $178,000 of that award was designed to cover legal advisory fees); *Velez*, 2010 WL 4877852, at *24-26 (approving individual incentive awards for 26 named plaintiffs in a gender discrimination case, ranging from $175,000 to $425,000, and noting that 70 percent or more of each incentive award represented compensatory damages for named plaintiffs' unresolved pain and suffering claims).

The Court holds that an incentive award of $350,000 to Peter Wilds-Bethea is fair, appropriate, and reasonable. It adequately rewards him for the work he performed on the class's behalf and is no more than necessary to incentivize class representatives to perform such work in future cases. *Moses*, 79 F.4th at 253-55. The Court notes that this incentive award will be the largest ever awarded to an individual in this district, when compensatory damages and reimbursement of expenses are excluded, and will serve the policy purpose of encouraging others to bring Title VII class actions and serve as class representatives.

Accordingly, the Court adopts the Proposed Findings of Fact and Conclusions of Law with respect to Peter Wilds-Bethea, and awards him an incentive award of $350,000. The Court will enter his Proposed Judgment reflecting that incentive award. For the reasons set forth in the R&R, the Court holds there is no just reason for delay and certifies the judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

SO ORDERED.

Dated: New York, New York
September 17, 2025

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge