```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____      │
│ DATE FILED:   November 12, 2025      │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
ELSA GULINO, ET AL.,

               Plaintiffs,

       v.                   96-CV-8414 (KMW)

THE BOARD OF EDUCATION OF THE         **ORDER**
CITY SCHOOL DISTRICT OF THE CITY
OF NEW YORK,

               Defendant.
--------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

On May 20, 2014, this case was referred to Special Master John S. Siffert under Federal

Rule of Civil Procedure 53(a)(1)(B) and this Court's inherent equitable powers and authority.

On March 5, 2025, Jennifer Calliste ("Calliste") filed a motion for leave to file a late claim and

participate in the class for this case. Calliste argued that she should be permitted to file a late

claim "due to a lack of notice and personal circumstances."

On May 20, 2025, Defendant filed their opposition to Calliste's motion, arguing that

Calliste failed to demonstrate "excusable neglect" that would justify her filing a late claim. On

June 18, 2025, Plaintiff filed a reply on behalf of Calliste. Plaintiffs' reply included additional

facts and arguments Calliste did not assert in her initial motion. Finally, on September 16, 2025,

Special Master Siffert filed a Report and Recommendation ("R&R") regarding Calliste's motion,

considering all of the parties' submissions. The Special Master recommended that this Court

deny Calliste's motion requesting that she be permitted to file a claim form and participate in the

class.

On September 23, 2025, Calliste filed a set of objections to the Special Master's Report and Recommendation, along with an accompanying letter reiterating her personal circumstances surrounding her request to file a late claim.  On October 6, 2025, Defendant filed their memorandum of law in opposition to Calliste's objections, asking the Court to adopt the Special Master's report in full.  The Court has thoroughly considered the Special Master's R&R and the parties' briefing.[1]

As set forth in the Second Amended Order of Appointment and consistent with Federal Rule of Civil Procedure 53(f), the Court reviews *de novo* all objections to conclusions of law and findings of fact made or recommended by the Special Master.  Upon *de novo* review of the R&R and the parties' briefing, the Court adopts the Special Master's R&R in full and denies Calliste's request for leave to file a late claim form and participate in the class.

Under Rule 6(b), a court "may, for good cause" grant an extension for an act that should have been done within a specified time when the moving party demonstrates "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  To evaluate "excusable neglect," courts will consider four factors: "(1) 'the danger of prejudice' to the nonmoving party, (2) 'the length of the delay and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant,' and (4) 'whether the movant acted in good faith.'" *Robaina v. Deva Concepts, LLP*, 2023 WL 3144038, at *1 (2d Cir. 2023) (summary order) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998); *see also Arriola v. 658-660 Amsterdam Corp.*, No. 20-CV-1962, 2025 WL 239110, at *2 (S.D.N.Y. Jan. 16, 2025) (Broderick, J.)  Courts in this circuit have recognized that—even when the other factors weigh in

---

[1] To the extent the Court does not address any particular arguments raised by the parties, the Court has considered them and rejects them on the merits.

favor of the movant—the third factor (the reason for the delay and whether it was within the reasonable control of the movant) can be dispositive. *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003); *see also Arriola,* 2025 WL 239110, at *2 (citing *Robina,* 2023 WL 3144038, at *2).

      Starting with the third *Pioneer* factor (the reason for the delay and whether it was within the reasonable control of the movant), the Court finds that Calliste has not provided a satisfactory reason for her delay from 2014 to 2023.

      The initial deadline for Calliste's class members to file claims was December 31, 2014; it was extended once, to May 31, 2023.  On July 17, 2014, this Court approved a set of jointly proposed notice procedures to inform the identified class members of this action.  This Court approved the parties' proposal to notify members by mail, by radio, and by publication in print media.  That year, the print notices appeared in eight separate publications.  Specifically, the notices appeared in New York Daily News (Sunday and Wednesday editions), New York Post (Monday and Thursday editions), Metro (Tuesday and Friday editions), AM New York (Tuesday and Thursday editions), The Chief Leader (monthly publication), New York Teacher ( bi-weekly publication sent to all United Federation of Teachers ("UFT") members–the union that represents all BOE teachers), Amsterdam News (monthly publication), and Caribbean Life (monthly publication).[2]

      The parties identified local New York radio stations over which to broadcast the notice; beginning when the class notice was mailed to class members, it was broadcast for four weeks:

---

[2] These notices appeared in the aforementioned publications for four consecutive weeks, beginning when the class notices were mailed out in 2014.

four times daily, between 6:00 a.m. and 6:00 p.m., as well as one additional time between 6:00 p.m. and midnight.[3]

Calliste's first reason for her delay is that the Notice of Class Action and the attached claim form mailed in 2014 never reached her, because she had moved.  As the Special Master points out, however, she gives no explanation why she did not arrange for the forwarding of her mail, a matter that was within her control.

Second, she claims that her father's death in 2003 (nearly eleven years before the notice of class action) and her sister's death in 2020, adversely impacted her finances and her health; she states that she has yet to recover from these sad circumstances and could not have been expected to learn of this action and its deadlines during those years.  Her reliance on the impact of her father's death, however, is belied by her having worked 40 days a year, between 2012-2017, as a substitute teacher (the number of days mandated for her to maintain her teaching certificate), which would have allowed her to inform herself of the class action and related deadlines during those years.

Third, she claims that her emergency surgery in 2017 was debilitating.  Specifically, Calliste claims that she suffered from financial hardship from her surgery because she could not immediately return to work.  But her recovery required only five months of time, after which Calliste returned to work and continued working through the May 31, 2023, deadline. During the afore-mentioned nine years (between 2014 and May 2023), any claim Calliste made would have been deemed timely.  Her proffered explanations do not justify her untimely filing of a claim.

The Second Circuit considered circumstances analogous to Calliste's in *Paineweber,* 147 F.3d at 133, which held that once a plaintiff has had time to recover from an adverse event (such

---

[3] In Plaintiffs' reply letter submitted on Calliste's behalf, Plaintiffs contend that the claim forms were mailed to Calliste in August and September 2014.

as a hospitalization), the plaintiff must offer legitimate reasons for failing to act.  Similarly, in a case in which a plaintiff was active during a time when he claimed to be injured, the Second Circuit held that he had not shown excusable neglect.  *Flaherty v. Hackeling*, 221 F.R.D. 383, 386 (E.D.N.Y. 2004).  And where the record did not bear out how plaintiff's claimed mental illness frustrated her participation in a case, the Second Circuit found no excusable neglect.  *Alexander v. Saul*, 5 F.4th 139, 150 (2d Cir. 2021).

Calliste points to two cases to support her position that her personal hardships constituted a reasonable basis for delay.  First, Calliste points to *Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991), where the Second Circuit held that equitable tolling of the statute of limitations in a Social Security case may be warranted where the claimant fails to seek timely judicial review because of mental impairment.  (*Id.* at 759.)  But the claimant in *Canales* asserted that her mental impairment "prevented her from comprehending her right to judicial review."  (*Id.*)  Here, Calliste has not alleged that she suffered from a mental impairment that precluded her from learning of—or understanding—this case during the period in which she could file a claim.

Second, *Brown v. Parkchester South Condos*., 287 F.3d 58 (2d Cir. 2002) is equally distinguishable.  There, the Second Circuit held that the lower court needed to hold a hearing on whether the plaintiff's medical condition inhibited his understanding or impaired his ability to comply with the 90-day window to file a complaint after receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at 60.)  In reaching that decision, the court took note of the fact that plaintiff provided medical documentation that referred to his medical condition as impacting him sufficiently close in time to the relevant time period in question, thereby warranting a hearing to explore to what extent—if any—it influenced his ability to comply with the 90-day deadline.  (*Id.* at 61.)  Here, unlike in *Brown*, Calliste neither

alleges that she suffered some specific condition that impaired her ability to understand the proceedings, nor provides any medical documentation even suggesting as much.  Instead, Calliste merely alleges that she suffered intermittent personal hardships over the entire period; to attempt to explain why she was unable to meet the deadlines in this case.

Although the Court is sympathetic to the personal struggles Calliste experienced, it is ultimately unpersuaded that any of her reasons for delay constitutes the sort of excusable neglect recognized by this circuit's case law.

Accordingly, Calliste's motion to file a late claim and participate in the class is **DENIED**.

The Court adopts the Special Master's R&R in full, holds there is no just reason for delay, and certifies the judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

SO ORDERED.

Dated: New York, New York
       November 12, 2025                         _____/s/ Kimba M. Wood_____
                                                     KIMBA M. WOOD
                                                 United States District Judge