```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  December 29, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ELSA GULINO, ET AL.,

                Plaintiffs,

      v.                                 96-CV-8414 (KMW)

THE BOARD OF EDUCATION OF THE              **ORDER**
CITY SCHOOL DISTRICT OF THE CITY
OF NEW YORK,

                Defendant.
--------------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

The Court adopts the Report and Recommendation ("R&R") of Special Master John S. Siffert in full and **DENIES** Maria Antonia Cruz's ("Ms. Cruz") motion for reconsideration of the Order dismissing her from the class.

**I.     Background**

From 1994 to 2014, Defendant Board of Education of the City School District of the City of New York ("Defendant" or "BOE") required permanent teachers to pass various iterations of the Liberal Arts and Sciences Test ("LAST") as a condition of employment, even though the tests were not properly validated and had a disparate impact on African-American and Latino teachers. Plaintiffs represent a class of approximately 5,200 African-American and Latino teachers who lost or were denied permanent teacher positions as a result of this discriminatory policy. In 2012, the District Court found that Defendant's use of the LAST violated Title VII.

During the course of the litigation, in 2015, Defendant identified certain class members who Defendant alleged did not work as teachers for the BOE following their failure of the

LAST ("Late Fail Claimant") and, therefore, should be dismissed from this action. On November 13, 2015, Defendant identified Ms. Cruz as a Late Fail Claimant because she failed the LAST only *after* she left her employment with the BOE.

Because Ms. Cruz appeared not to be a member of the class, Plaintiffs' counsel spoke with Ms. Cruz in April 2016 and asked her to confirm that she actually took the LAST before her final date of employment with the BOE. Ms. Cruz told Plaintiffs' counsel that she would look for such confirmation.

On May 31, 2016, having received no response from Ms. Cruz, Plaintiffs reported to Defendant that Ms. Cruz was ineligible for class membership.

On June 29, 2016, the Special Master sent letters to claimants who appeared ineligible for class membership, stating the reason for their ineligibility. The letter stated that they could respond with evidence of eligibility if they did so by July 31, 2016. Because of an error by Plaintiffs' counsel in addressing the letters, the 2016 letter ("2016 Letter") did not go to Ms. Cruz and instead went to a different claimant with the same name. The Court took no action against Ms. Cruz for her failure to respond to the incorrectly addressed letter.

On January 12, 2017, the Court issued an order dismissing Ms. Cruz (among others) from the class. Notice of that Order was sent by the Claims Administrator to each claimant by email and by regular mail and informed them that they could contest their dismissal if they did so by February 28, 2017. This notice was sent to Ms. Cruz's correct address. She did not respond.

About one and one-half months later, on April 12, 2017, the court entered an individual Order of Dismissal for Ms. Cruz. That Order was sent to Ms. Cruz on April 20, 2017, at her

2

correct address, and stated that she could contest her dismissal by filing an objection by May 11, 2017. She did not respond.

Although Ms. Cruz claims not to have received these notices, she offers no explanation for not receiving notices sent to her correct address. Instead, she claims that she first learned of her dismissal on October 7, 2021, when she contacted Plaintiffs' counsel to ask the status of her claim, and that, until then, she did not know that there was no record of her taking the LAST before her termination as a BOE employee.

Ms. Cruz states that, thereafter, from 2021 through 2024, she made efforts to obtain her complete testing history from both Pearson[1] and the New York State Education Department. She concedes that her efforts yielded no evidence that she took the LAST before her employment with BOE ended.

On October 31, 2024, Plaintiffs moved for reconsideration on behalf of Ms. Cruz, arguing that this Court should reinstate her as a class member because she was dismissed without adequate notice and deprived of an opportunity to present her case due to counsel's error. On January 13, 2025, Defendant objected, asserting that Plaintiffs' motion failed to meet the standard for reconsideration and was futile on the merits. The Special Master denied the motion on February 27, 2025. Ms. Cruz then sought reconsideration of her dismissal. Thereafter, on September 16, 2025, the Special Master issued his R&R recommending that this Court deny Ms. Cruz's motion for reconsideration.

On October 2, 2025, Ms. Cruz filed her opposition to the Special Master's R&R. In her opposition, Ms. Cruz included a narrative detailing her personal struggles with a speech impediment, how she came to teach, her history taking the National Teachers Examinations, and

---

[1] Pearson is the commercial testing company that created and administered the LAST.

asserts—without evidence—that the lack of any record of her taking the LAST prior to her termination with the BOE is due to a clerical error.[2]

Defendant responded to Ms. Cruz's opposition on October 14, 2025. In their response, Defendant asked this Court to adopt the Special Master's R&R in its entirety, arguing that Ms. Cruz did not address the fact that it is not *counsel's 2016 error* that is at issue, but rather what is at issue is Ms. Cruz's failure to respond to *two notices in 2017*, each of which was sent to her correct address.

## II.     Discussion

As outlined in the Second Amended Order of Appointment and consistent with Federal Rule of Civil Procedure 53(f), the Court reviews *de novo* all objections to conclusions of law and findings of fact made or recommended by the Special Master.

### A.     The Motion Fails the Standard for Rule 60(b)(6) Relief

Under Rule 60(b), a court may grant a party relief from final judgment and reopen a case because: (1) of mistake or excusable neglect; (2) of newly discovered evidence; (3) of fraud; (4) the judgment is void; (5) applying the judgment is no longer equitable, or (6) any other reason that justifies relief Fed. R. Civ. P. 60(b)(1)-(6).

Here, Rules 60(b)(1) through (5) are inapplicable. Although Ms. Cruz seeks relief based on counsel's mistake in sending her a letter at the wrong address, the letter was not a "final judgment," and hence did not implicate Rule 60. *Abdell v. City of New York*, 759 F. Supp. 2d 450, 453 (S.D.N.Y. 2010) (ruling that a final order for purposes of Rule 60(b) means one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). As the Special Master notes, "[the 2016 Letter] is not a court order, and is not the

---

[2] Although Ms. Cruz, in her briefing, requests an opportunity to speak with the Special Master and again make her case for class membership, she provides no new facts or arguments that might change the outcome in her case.

same as the Order of Dismissal." The only Court Orders dismissing Ms. Cruz were issued in 2017 and sent to Ms. Cruz's correct address.

Thus, to prevail, Ms. Cruz must show that the 2017 Orders dismissing her from the case violate Rule 60(b)(6). Under Rule 60(b)(6), a court may grant relief from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Courts reserve this relief for extraordinary circumstances, such as "when the judgment may work an extreme and undue hardship." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (collecting cases). To make that determination, a court may consider factors such as "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864 (1988)).

Ms. Cruz points to no extraordinary circumstances that kept her from receiving the Orders dismissing her from the class. The Claims Administrator sent two properly addressed Orders to Ms. Cruz in 2017, notifying her of her dismissal and of the opportunity to present evidence of her eligibility, to which she never responded. Thereafter, she was given an opportunity to present evidence of her class membership, but she failed to find any such evidence. Ms. Cruz is thus not entitled to relief from the judgment dismissing her from the class. *See Bautista v. TAP Air Portugal*, No. 24-CV-00503, 2025 WL 1224799, at *6 (S.D.N.Y. Apr. 28, 2025) (denying a Rule 60(b)(6) motion because plaintiff's claim–among others–that he did not receive paperwork about the case did not constitute extraordinary circumstances); *see also Abdullah v. Direct Model Mgmt., Inc.*, No. 15-CV-03100, 2018 WL 1750598, at *3 (S.D.N.Y. Apr. 11, 2018) (denying relief from default judgment under Rule 60(b)(6) because

plaintiff's claim that he did not receive details about the case when he was in fact on notice of it did not constitute extraordinary circumstances).

## III.    Conclusion

Accordingly, the Court adopts the Special Master's R&R in full. Ms. Cruz's motion for reconsideration of the Order dismissing her from the class is **DENIED**.  The Court holds there is no just reason for delay and certifies the judgment as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

SO ORDERED.

Dated: New York, New York
December 29, 2025

_/s/ Kimba M. Wood_
KIMBA M. WOOD
United States District Judge