UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELSA GULINO, MAYLING RALPH, PETER WILDS, and NIA GREENE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,<br><br>Defendant. | : | 96 Civ. 8414 (KMW)<br><br>**~~[PROPOSED]~~**<br>**ORDER** |

**WHEREAS**, the Court has certified a class defined as:

> All African-American and Latino individuals employed as New York City public school teachers by Defendant, on or after June 29, 1995, who failed to achieve a qualifying score on any administration of the LAST, and as a result either lost or were denied a permanent teaching appointment.[1]

**WHEREAS**, on October 6, 2016, Plaintiffs' counsel submitted their first batch of individual damages demands, the BOE responded to the demands, and the parties litigated those demands pursuant to an individual hearing schedule that the Special Master set.

**WHEREAS**, individual damages hearings continued until the Special Master set a deadline of February 28, 2025, for the parties to resolve all demands for damages, unless good cause was shown.

**WHEREAS**, in April 2025, the parties provided the Special Master with a list of claimants whose demands for damages had not been submitted, including Michele Madison. These claimants for whom demands had not been submitted ("Non-Class Member Claimants") generally fell into one or more of the following six categories:

[1] Order Granting Substituted Interim Report & Recommendation, Dkt. No. 826, at 5.

1. Claimants who do not identify as African-American or Latino;
2. Claimants who never took the LAST;
3. Claimants who passed the LAST on their first attempt;
4. Claimants who never worked as teachers for the BOE on or after June 29, 1995;
5. Claimants who never worked as teachers for the BOE following their failure of the LAST; and
6. Claimants who neither lost nor were denied a permanent teaching appointment with the BOE as a result of the LAST.

**WHEREAS**, having received this information from the parties, in July 2025 the Special Master sent letters to the Non-Class Member Claimants, including Ms. Madison (the "Dismissal Notice Letter"). The Dismissal Notice Letter sent to Ms. Madison specified that she may be dismissed from the class because she either had not provided Plaintiffs' counsel with sufficient information or had not authorized Plaintiffs' counsel to submit a demand on her behalf and gave her thirty days to respond.

**WHEREAS**, Ms. Madison responded to the Dismissal Notice Letter within thirty days.

**WHEREAS**, the parties conferred regarding Ms. Madison's claim and thereafter Defendant moved to dismiss Ms. Madison from the class on the basis that her termination resulted from legitimate, non-discriminatory reasons independent of the LAST.

**WHEREAS**, the Special Master heard argument on the motion and thereafter recommended that Defendant's motion be granted and Michele Madison be dismissed from this action for failure to satisfy the requirements for class membership.

**IT IS HEREBY ORDERED** that this Court adopts the Special Master's August 10, 2026 Report and Recommendation;

**IT IS FURTHER ORDERED** that:

1. Michele Madison is hereby DISMISSED from this case for failure to satisfy the requirements of class membership;

2. Epiq, the Claims Administrator previously appointed by this Court, will provide, by email and USPS mail, Michele Madison with an "Order of Dismissal" identifying the basis for her dismissal; and

3. Should Michele Madison wish to contest her dismissal from this action, she may file her objections with the Court no later than ten days after the filing of this order.

ON RECOMMENDATION OF THE SPECIAL MASTER

SO ORDERED.

Dated: September 24, 2026

______*/s/ Kimba M. Wood*________
KIMBA M. WOOD
United States District Judges